# John Field and John Bernard (for the use of Oxley and Hancock) *against* James Biddle, Esq.

S. C. 2 Dall. 171.

The general rule is, that a deed or will, or other written instrument shall be expounded by its own words; but there are exceptions to it, as where parol evidence is brought to ascertain a person or thing, to rebut an equity, or where a matter has not been inserted by fraud or mistake.

Where a covenant is silent as to the kind of money to be paid, parol proof may be received to discover the intentions of the contracting parties.

DEBT 2000l. sterling money of Great Britain, on an obligation dated 1st May 1786, executed by James Collins and the defendant, to the plaintiff as attornies of Oxley and Hancock, conditioned for the payment of 1000l. sterling in good bills of exchange, on the first day of November then following.

Defendant pleaded payment, with leave to give the special matters in evidence, and gave written notice agreeably to the rule of this court, of the particular matters he intended to insist on in his defence under his plea. Replication *non solvit*, and issue.

It appeared on the evidence that the said James Collins and one Thomas Truxtun, merchants, in company, were indebted to the house of Oxley and Hancock in London, in 5826l. 2s. 6d. sterling, to whom the said John Field and John Bernard were attornies in fact. The defendant was father in law of Collins. The affairs of Collins and Trauxtun being embarrassed, it was agreed between the plaintiffs as attornies of Oxley and Hancock of the first part, the said James Collins of the second part, and William Bell and John Pringle as agents of the said Thomas Truxtun of the third part, that the said Collins should give bond and security to the plaintiffs for the payment of 1000l. sterling on the 1st November 1786, and then to be discharged from the residue of the debt due to Oxley and Hancock, and *that the said Bell and Pringle should pay 500l. sterling to the plaintiff on account of the said Truxtun upon his return from the East Indies, and he be also discharged—"Provided that the said "discharges shall not take effect until the said Oxley and "Hancock shall send in their ratification of the present con- "tract, and that in the meanwhile the attornies for Oxley "and Hancock should have free access to the books of Collins "and Truxtun."

*133]

This indenture was dated 3d May 1786. The defendant lived at Reading, in Berks county, and there executed the bond as security for his son in law, and on the 5th May following the same was delivered to the plaintiffs, who gave a receipt therefor "in pursuance of the said indenture."

[Field et al. v. Biddle.]

The defendant offered to shew in evidence the declarations of the plaintiffs as attornies of Oxley and Hancock, that the validity of the bond was to depend on the subsequent ratification of the contract by their constituents Oxley and Hancock; that it was agreed between them and Collins at and immediately before the execution of the said indenture and obligation, that the terms of composition and the obligation in pursuance thereof should be wholly void, unless such ratification was sent in to Collins within six months; and that the said obligation was lodged in the hands of the said John Field, subject to such condition.

The plaintiff's counsel excepted to the testimony offered, as tending substantially to vary, contradict and annul the written agreement, and produced some cases in support of their doctrine; but the court observing, that at the sittings for Philadelphia county during the preceding week, a similar point of law had been reserved for solemn argument in the case of Robert M'Meen v. Evan Owen, and that it would greatly expedite business to bring on both arguments together, as they rested on the same principles, it was agreed, that the question with respect to the parol evidence now offered should also be reserved for future consideration, and that William Bell, the witness, should be now sworn, which was done accordingly.

The plaintiffs' counsel in the course of the trial, offered John Field, one of the nominal plaintiffs, to be affirmed as a witness. They contended, that it appeared from the record and the testimony adduced, that he was not interested in the event of the cause. His name was merely made use of as one of the attornies in fact of Oxley and Hancock; and he must be considered in the same predicament, as where a trader commenced a suit *and he afterwards became a certi- [*134 ficated bankrupt, the action might be carried on in his name, and he might be made use of as a witness: They instanced the case of M'Clenachan v. Scott, cited 4 Dall. 173, in the Common Pleas of Philadelphia county, where this was done. As to the objection that he was liable to costs, they offered a sufficient person in court, who undertook for the same. They said, courts of law would take judicial notice who is the real plaintiff, and in the case of M'Cullum v. Cox (Dall. 139) this court would not suffer a nominal plaintiff to discontinue. Here Field is only a bare trustee; and it is laid down in Gilb. Law of Evid. 120, that an executor may be sworn in a cause relating to the will, where he is not a residuary legatee, because he is merely a trustee.

E contra, it was urged by the defendant's counsel, that by Field's bringing the suit in his own name and Bernard's, he had made himself liable to the defendant for the costs, in case he failed in the action, and that this liability could be

[Field et al. *v.* Biddle.]

dispensed with by the defendant alone.    The nominal plaintiffs might, if they thought proper, have assigned over the bond to their constituents, and then if they were not interested in the event they might be made use of as witnesses. A bare trustee is a good witness for his *cestui que* trust, but not an executor in trust, as he is liable to be sued by creditors, and to answer costs.    3 Wms. 181.

*Per Cur.*    We feel a strong repugnance against the testimony offered.    Our present inclination is against the receiving of Field as a witness.    We know of no case in the books, or by our practice, where a plaintiff has been admitted a witness to substantiate his demand to a jury.    This point was very fully argued in an action of covenant, tried at York, May assizes 1789, wherein Margaret Cochran, James M'Kissom and William M'Kissom, executors of Andrew Cochran, were plaintiffs; and James Cochran and William Cochran, executors of William Cochran, deceased, were defendants.    There James M'Kissom, one of the plaintiffs, was offered as a witness, and it appeared that he had no part of the residue devised to him by his testator.    The court there mentioned, that they would rather err in the admission than in the rejection of testimony, but they thought themselves concluded against receiving the witness, and he was overruled.    In that instance, the costs were offered to be lodged in court.    The plaintiffs here might have assigned the bond to Oxley and Hancock, if they chose it, and made themselves witnesses. As they have not done so, the present matter stands precisely *135] in *the same situation as a factor selling goods for his principal, and bringing a suit for the money in his own name, where he is repelled from giving testimony.    But if the suit be brought in the name of his constituents, the factor is a competent witness, though he gets 1s. in the pound, commissions on his sale.    1 Atky. 248.    3 Wills. 40.

However, if the plaintiff's counsel are willing to run the risque, we will not prevent Mr. Field from giving his testimony; but if he is affirmed, and a verdict should go for the plaintiffs, and upon a more full consideration we should retain our present opinion, on this point also reserved, a new trial will be awarded, without costs.

Mr. Field was accordingly affirmed, and he gave his testimony to the jury; but after a full hearing, they found a verdict for the defendant.

Messrs. Ingersol and Rawle *pro quer.*

Messrs. Lewis, Sergeant and Thomas *pro def.*

The same term, the reserved point in this case came before the court, and also a point of the same nature in another action.

Cited in 5 S. & R., in support of the decision that parol evidence is ad-

[Field et al. *v.* Biddle.]

missible in a suit by the indorsee against the indorser of a note, indorsed in blank, to show, that at the time of the indorsement, the indorsee received the note under an agreement that he should not have recourse upon it to the indorser.

Also cited in 6 Wh. 305, where it was decided in an action by a lessee against his lessor to recover money expended in repairs, that parol evidence was admissible to prove that after the lease had been executed and taken away, the lessor returned to have it attested; that the lessee then mentioned that certain necessary repairs had been omitted and that the lessor then agreed that it should be done by the lessee, at his (the lessor's) expense.