# Benjamin Harvey and Elisha Harvey plaintiffs in error *against* Jacob Snow lessee of Joshua Austin and Caleb Austin.

### S. C. 2 Dall. 157.

Ejectments may be submitted by rule of reference, and where the report is for plaintiff but finds no costs, they shall be awarded. So the report is good, though no damages are found. Where damages only are to be recovered, if none are found, the verdict would be bad, but it is otherwise in ejectment, debt, &c. where any thing is to be recovered besides damages.

WRIT of error of a judgment in ejectment in Luzerne county. Plea in *nullo est erratum*.

On the part of the plaintiffs in error (the defendants below) three exceptions were taken.

It appeared on the record, that the cause had been referred by mutual consent, and that the referees had found the defendants guilty of the trespass and ejectment, but had assessed no damages or costs. The court had given judgment for the plaintiff and awarded costs.

Exception 1st. That ejectments are not within the act of assembly, respecting the appointment of referees.

2. No damages are found, as by law they ought.

*3. The court have awarded costs, though no damages or costs found by the report.    [*157

The first point was given up without difficulty, by Mr. Lewis, counsel for the plaintiffs in error, on its being suggested, that this point had been heretofore settled by adjudications, and that the courts of justice had frequently adopted this method of terminating ejectments. Dallas 314, 365.

On the second point, it was said, that ejectments were originally intended to recover damages only. 3 Blackst. Com. 199. And where damages ought to be found, a verdict would be insufficient without such finding. Tri. per Pais. 259. But this point was not much pressed, upon a case being cited in the Common Pleas of Philadelphia county, Emigh's lessee *v.* Rinehart, where in an ejectment for a house in the city of Philadelphia, a verdict had been found for the plaintiffs, but no damages assessed, it was held that the verdict was not vitiated thereby. 1 Tri. per Pais. 297. Vid. 5 Bac. Abr. 324. 2 Lil. Abr. 652. Verdict on a writ of annuity without finding damages, is imperfect, but a release of them makes it good. 11 Co. 56 a.

It was however insisted, that this release should have been made on the record of the Court of Common Pleas, previous to the judgment. 2 Stra. 1171.

Mr. Ingersoll for the defendant in error, insisted, that the third exception was to be ranked amongst the *apices litigandi*.

[Harvey et al. *v.* Snow et al.]

As to the *remittitur* of the damages before judgment being entered on record, it had never been the practice in Pennsylvania, and such practice was the law of the land. The minds of the judges have greatly relaxed of late years, and they do not now regard those critical niceties, which were formerly so much attended to. In the note in 2 Bac. Abr. 220, referring to the case in 11 Co. 56. a. and the other books wherein it is reported, it is said, "by which books it appears, that the "plaintiff before judgment released his damages and had "judgment for the annuity only, which made it more clear, "and so it is in Rol. 784. S. C." which shews that it would have been clear, independent of such release.

In the first chapter of Sayer's Law of Costs, it appears that where damages may be given, costs may be recovered. Though the jury neglect or refuse to find costs, the court may award them, and will order the defect to be supplied on the *postea.* Sayer on costs 270. Cites 2 Saund. 257. It is not necessary that the jury should give costs, but they may leave it to the *court to do it. 1 Lil. Abr. 338. Where the plaintiff in ejectment recovers, he may remit his damages and have his costs. Gilb. Law of Ejectments 305.

This law holds with peculiar force in Pennsylvania on reports of referees, who seldom or never either in ejectments or other species of actions, find costs; and it would be attended with the greatest inconveniences if judgments rendered on them, should be overthrown on writs of error. Nice form is not expected in special verdicts, because they are the finding of laymen. 1 Tri. per Pais 297. The reason applies in a much stronger degree to reports in Pais.

In the present instance, no injury was done to the defendants below, in not finding damages or costs against them. And no one shall reverse a judgment for error, if he cannot shew the error was to his disadvantage. 5 Co. 39. b.

But if the court should be of opinion, that the judgment below is not good as to the costs, it may be affirmed as to the recovery of the term, which is a distinct and independent judgment. A judgment in the Court of Common Pleas, affirmed on a writ of error there with costs in the King's Bench, was removed by another writ of error to the King's Bench in England, and the judgment as to the costs in B. R. in Ireland reversed, but the judgment of the Common Pleas affirmed, because separate judgments. 2 Ld. Raym. 893.

S. P. 2 Stra. 807. 2 Ld. Raym. 1534, and affirmed in the House of Lords.

Mr. Lewis in reply. The case in 2 Stra. 1171 clearly proves, that the *remittitur* must be entered on record before judgment. In Gilb. Law of Ejectments 305, the plaintiff on two demises, recovered one term and damages, but as to the other demise, he recovered nothing.

[Harvey et al. *v.* Snow et al.]

No damages found on a mandamus, there can be no judgment for costs, nor can the defect be supplied by a writ of inquiry.    2 Stra. 1051.

As to the inconveniences apprehended from reversing judgments on reports, where damages have not been found and costs have been awarded, they cannot subsist; because by the defalcation act of 4th Anne (p. 49) jurors and referees, in matters of mutual account, need only find the precise sum due, without assessing damages, by the express terms of the law.

There is a distinction as to reversing judgments in part and affirming them in part, where the matter comes before a first Court of Error, and where it comes before a second Court of Error.    2 Stra. 807.    But an entire judgment cannot be reversed *in part.    Several damages given by the jury [*159 on several counts, of which one was good and the other ill, one entire judgment given for both; it shall be reversed for the whole.    2 Ld. Raym. 825.    Suit on a bill and also on an *emisset;* on the first, judgment is entered *quod capiatur,* and on the other, *quod sit in misericordia* is not entered, it must be reversed in toto.    2 Bac. Abr. 228.    Cites Rol. Abr. 775, 6.    So in debt for rent on two distinct demises, and the one demise is laid right and the other ill, judgment being entire, must be wholly reversed.    Ib. Cites Carth. 224, 5.    In account render, where the first judgment is *quod computet,* and upon auditors assigned, the second judgment is erroneous, the last judgment only shall be reversed, because there are two distinct and perfect judgments.    Ib. Cites Cro. El. 776, 806.    But it is otherwise as to the case now before the court, which is one single and entire judgment.

As to the doctrine contended for, that one shall not assign for error, what is for his own advantage, the rule does not hold where the error is the act of the court, though it be for the advantage of the party.    2 Bac. Abr. 220.    Cites 8 Co. 59.    Rol. Abr. 759.

*Per Cur.*    Where damages only are to be recovered, if none are found, the verdict would be bad; but it is otherwise in ejectment, debt, &c. where anything is to be recovered besides damages.    1 Trials *per pais* 293.    The damages in ejectment are merely nominal; an action for mesne profits is consequential to the recovery in ejectment.    Runnington on Ejectments 164.    We apprehend, that on a similar verdict to the present report in Westminister Hall, the exception would be overruled; but, in Pennsylvania, costs are seldom or never specified in reports on ejectment causes.    References in such cases are entered into to ascertain in whom the title is, and the costs are consequential thereon.    The *argumentum ab inconvenienti* holds most strongly in the present instance. Courts of justice now consider awards with great liberality

[Harvey et al. *v.* Snow et al.]

and latitude. Dallas 174. And it is the interest of the community that they should do so. It would be attended with the most dangerous consequences to set aside reports for such critical niceties, and such cases are much stronger than those of special verdicts, which are generally found under the direction of counsel at the bar.

Wherefore, let the judgment be affirmed in toto.

*160] *Moses Fitch Alden, plaintiff in error *against* Andrew Lee.

S. C. 2 Dall. 205.

Landlord may proceed by ejectment against his tenant, to recover possession. Where proceedings between landlord and tenant are reversed for error, the court are not bound *ex debito justitiæ*, to award restitution.

WRIT of error to Luzerne county. The record stated, that the parties had appeared personally in the Court of Common Pleas of that county, and desired to enter an amicable action, which was done accordingly.

Lee, by his attorney thereupon declared, *ore tenus*, that he had demised a saw-mill and certain lands to Fitch Alden, for a certain term, paying rent; that the term was fully ended; that three months had elapsed since he had made demand of him to leave the premises, and that he was quietly and peaceably possessed thereof before he demised the same.

The defendant below, Fitch Alden, by his attorney, denied each of these facts, *ore tenus*, on which they were at issue; and by their consent, a jury being immediately called, came, who, being balloted for, tried, sworn and affirmed, found the defendant guilty, in manner and form as the plaintiff had declared; upon which the court gave judgment that the plaintiff should recover possession of the premises, and awarded a writ of possession, which was executed by the sheriff.

Mr. Sergeant for the plaintiff in error, took three exceptions to the record:—1st, The Court of Common Pleas had no jurisdiction in a cause between landlord and tenant, which by the act of 21st March 1772 (p. 436) belonged to two justices of the peace; nor does it appear by the record that the judges of the court were justices of the peace. 2d, The jurors in such a case should be freeholders by the words of the said act, and it appears here, the common jury returned by the sheriff, tried the cause. 3d, The proceedings are informal, not being according to the course of the common law.

He cited Holt, 394. The admittance of the parties does not give jurisdiction to a court. 1 Vez. 471. Appearance or consent gives no jurisdiction, but the same may be called in question at any time. 3 Burr. 1366. Where a statute directs