*Philadelphia,*
*Saturday,*
*January 5.*
The act of frauds and perjuries of the state of *Pennsylvania,* does not prevent a declaration of trust from being made by parol. Hence in an ejectment by the devisees of *A* against *B,* it is competent to give parol evidence of the declarations of *A* that the land she had purchased in her own name, was bought for the use of *B,* with money in which her husband had given her only a life estate, by his will, and had devised it to *B* after her death.

3b   302
40SC  156

## Lessee of GERMAN and others *against* GABBALD.

THIS case came before the court upon a point reserved at the trial at *Nisi Prius* in *November* last, by Judge *Brackenridge.*

*Jonathan Beere* by his last will devised to his wife *Mary,* two tenements and lots of ground for the term of her natural life, with liberty to sell them at any time, if she should think proper; and in case of sale the purchase money was to be put out on good security, and his wife during her life was to enjoy the interest. After the death of his wife, he gave to his sons *John, James,* and *Jonathan,* every thing which he had given to his wife for life, to hold to them, or the survivors of them, their heirs and assigns, share and share alike. *James* died before the testator. After the testator's death, the widow sold the premises in the will, and bought a house and lot, the premises in the ejectment, for which she took a deed *in her own name,* and then devised them to her two grand-daughters the children of *John,* who were the lessors of the plaintiff.

The defendant claimed under *Jonathan* the brother of *John,* and offered parol evidence to prove that the premises in question were purchased for the use of *Jonathan,* with one half of the identical money for which *Mary Beere* had sold the property devised to her for life by her husband, and that the other half was appropriated to pay the debts of *John;* and that she had repeatedly declared that she had done this in pursuance of her husband's will.

The evidence was opposed by the plaintiff's counsel; but the court admitted it, reserving the point.

*C. J. Ingersoll* for the plaintiff. There is great difficulty in admitting parol proof to aid the court to follow money into land. It tends uniformly to perjury. Chancery does it only where the fact of laying out the money has been admitted in the answer of the person who has done it. *Lane* v. *Dighton.* (a) But to prove that fact, and also to trace the money, parol evidence has never been received. It is against our act of frauds. In *England* the admission of parol evidence to establish a trust by implication, has not been extended beyond the cases excepted in the 8th section of the statute. Lord *Hardwicke* has confined them to two; where an estate has been purchased in the name of one person, and the money has been paid by another; or where a trust is declared only as to part, and nothing said as to the rest. *Lloyd* v. *Spillet.* (b) 2 *Fonbl.* 121. But our act contains no exception. The first section defeats every grant or assignment of interest in lands, except by deed or note in writing; and the admission of parol proof in this case, went to shew that an interest was conveyed to *Jonathan* by the deed to his mother, which in fact was to establish an interest in lands, not only without, but against a deed.

*Hopkinson* contra. The first section of our act of frauds, 1 *St. Laws* 640., is an exact copy of the first three of 29 *Car.* 2., except that it omits copyholds, a tenure we have never adopted; and unless one of those three sections has been held to require writing for the establishment of a trust estate, it is not required by our act, because the act contains no provision as to writing except what is mentioned in the first section. Now it is perfectly clear upon examination, that the provision as to trusts grows out of certain parts of the *English* statute which we have not adopted, the 7th and 8th sections. It is true that our act does not contain any exception; but then it does not contain the general rule. The 7th sect. of 29 *Car.* 2. c. 3. requires that all declarations of trusts shall be in writing, and then the 8th section excepts the cases mentioned by lord *Hardwicke*, and no doubt some others. But there is nothing in the act of assembly to pre-

(a) *Ambler* 413.          (b) 2 *Atk.* 148.

vent a declaration of trust from being by parol. It extends only to legal estates. If however the plaintiffs' argument as to the first section is sound, still we must go as far as the words of that section, which permit a transmission of an interest in lands by *operation of law* without writing, and which therefore embrace this case; for Mrs. *Beere* having purchased the premises with *Jonathan's* money, it was a resulting trust for him by operation of law. *Gregory's Lessee* v. *Setter* (a) is in point. Evidence of Mrs. *Gregory's* declaration that she had purchased the premises with her deceased husband's money, part of which belonged to her children, and that she had made the purchase for their use, was admitted to establish a trust in the children. *Thompson's Lessee* v. *White* (b) is also a strong authority. Surely the declarations of Mrs. *Beere* were evidence against persons claiming under her will.

TILGHMAN C. J. after stating the facts, delivered his opinion as follows:

The objection to the parol evidence is founded on our act for prevention of frauds and perjuries. This act is in some parts copied from the *English* statute of frauds and perjuries, but the likeness does not hold throughout. The first section of our act contains the first three sections of the *English* statute, and so far as concerns the present question, enacts, that no estates or interests, either of freehold, or term for years, of, or in, any messuages, lands &c., shall be assigned, granted, or surrendered unless by deed or note in. writing, signed by the parties so assigning, granting, or surrendering the same, or their agents thereunto lawfully authorized by writing, or by *act* and *operation of law*. This provision seems to apply rather to legal estates than to trusts, and it was so considered by the *English* legislature, for they have added a provision with respect to trusts in the 7th and 8th sections of their statute, which is entirely omitted in our act of assembly. By the 7th section of the statute, all declarations or creations of trusts, or confidences of any lands, shall be manifested and proved by some writing signed by the party who is intitled to create such trust by his last will in writing, or else they shall be void; but the 8th section declares, that where the trust arises by implication or

(a) 1 *Dall.* 193.          (b) 1 *Dall.* 424.

construction of law, or is transferred or extinguished by act or operation of law, it shall be of the same effect as if the statute had not been made. Now if our act does not comprehend the case of trusts, there is an end of the question, because there will be nothing to prevent parol proof of any thing by which a trust may be inferred. But supposing it to be as comprehensive as the *English* statute, still parol evidence may be given to establish a trust, which arises by implication of law. In the case of *Lloyd et al.* v. *Spiller et al.* 2 *Atk.* 148., lord *Hardwicke* says, that where an estate is purchased in the name of one person, with the money of another, or in cases of fraud, and where transactions have been carried on *mala fide*, there is a resulting trust by operation of law. In the present case, the money with which the house was purchased was not the money of *Mary Beere;* she had but an interest in it for life, and after her death it belonged to her son. If she acted honestly, and meant the house to go, as the money would have gone by her husband's will, a trust resulted for her son; but if she meant to divert the money from its proper channel, and convert the property to her own use, she was guilty of a fraud, and in that case also, according to lord *Hardwicke's* opinion, there was a resulting trust. Whatever were her intentions, the fact of her having used the money of another person might be proved by her confessions, which certainly were evidence against herself, and those who claimed under her by virtue of her will. Those confessions are not to be considered as a parol declaration of a trust by her, but as evidence of a fact, by virtue of which a trust resulted by operation of law. The case cited by the defendant's counsel from 1 *Dall.* 193., *Gregory's Lessee* v. *Setter,* determined in this court, is directly in point. There parol evidence was admitted, to prove a woman's declarations, that she had purchased a house, and taken the deed in her own name, with the money of her deceased husband, part of which belonged to her children. I therefore consider the law to be well settled on the point which was reserved, and am clearly of opinion that the evidence was properly admitted.

YEATES J. concurred.

BRACKENRIDGE J. of the same opinion.

Judgment for defendant.