TilGhman C. J.
No facts appear.but such as are mentioned in the charge of the Court; so that the only question is, whether there be error in law'in the opinion delivered on those facts. Josiah Wallace deceased, by his will, dated 26th April, 1776, appointed his wife Ann, and his son William? his executors, and authorised .them to sell the plantation on which’he lived, in Chester county. If they chose to live on it, and keep the family together, they were permitted to do so ; but, in case the. land should be sold, they were to give security to the testamentary guardian of the testator’s other children, if. required, for the shares devised to them by the *526 will. The testator died in the year 1778. In April, 177V, ' the executors sold the land for 2000 pounds, continental currency, and took a deed in their own names. The money received for the testator’s land was kept by itself, and 1800 pounds of it were applied to the payment of the purchase money of the Franklin county estate. Whether 200 pounds more of the testator’s personal estate was not also applied in the same way, was a fact which appeared doubtful, and was left to the jury. There was evidence of declarations by William Wallace, tending to shew that the purchase in Franklin county was in trust for the testator’s family. These declarations were also left to the jury, with directions to find for the plaintiffs, Duffield and wife, (who claimed on the supposition that the land in dispute was purchased in trust for the family,) in case they should be satisfied from the declarations of the executors and other circumstances, that the land was really intended to be purchased in trust. That the jury were satisfied of these facts, must now be taken for granted, as they found for the plaintiffs. Resulting trusts are not within the provisions of the act of assembly, which requires conveyances of land to be in writing. Where money is paid by A. and a conveyance of the land taken in the name of B. a trust arises for B. But it is objected that the law of resulting trusts does not apply to the case before us, for two reasons: 1st. Because the 1800 pounds applied to the purchase, was not the money of the legatees. The executors bad a right to use that money as they pleased, and could only be called on to pay the several legacies at the time appointed by the testator. 2d. Because the land in Franklin county cost 4000 pounds, which was double the amount received for the testator’s land in Chester county. These objections would have great weight, if the cause rested solely on the application of the proceeds of the Chester county estate, in part payment for the land purchased in Franklin county. But the plaintiffs’ case is very much strengthened by the declarations of the executors. The bare investment of the testator’s money, together with money the private property of the executors in a purchase of land, might not afford convincing proof that there was an intent to purchase in trust for the legatees; and, therefore, a trust might not result by operation in law. But when to the investment of the money is added the declaration of the purchaser, that a trust was intended, a trust must cer *527 iainly be raised: and tbe only difficulty is in the proof of these declarations by parol evidence; as to that the cases of' Gregory's lessee v. Salter, 1 Dall. 193. and German's lessee v. Gabbald, 3 Binn. 302. are strong in favour of the evidence. The charge of the President of the Court of Common Pleas was delivered in very cautious and guarded language. The jury were warned of the danger of listening to parol evidence, unless it was clear and convincing ; and they were told that the law would not raise a trust, unless an intention to create it was proved by parol or other declarations. Supposing the intent to be proved, no difficulty would arise from the circumstance of only part of the purchase money being paid from the funds of the testator. The amount of the whole purchase money, and of that part which was taken from the funds in the hands of the executors, being ascertained, it was easy to calculate the proportion of the land on which the trust would operate : and in that respect the jury received precise and proper instructions from the Court. I do not see, therefore, that there is any error in the charge, so far as respects the trust.
Another exception is made to that part of the charge which relates to the act of limitations. It was left to the jury to decide from all circumstances, whether, from the length of time between the purchase of the land in dispute and the bringing of this ejectment, it might not reasonably be inferred that the plaintiffs considered the estate as belonging to the' defendants. It is contended that the act of limitations is a positive bar. But there are no facts on the record to warrant us in saying so. It does indeed appear that there was an interval of thirty-one years between the purchase of the land and the commencement of this suit. But it does not appear in what manner the possession has gone. The-Judge refers to circumstances respecting the situation of the family which were given in evidence, but are noton the record. We may imagine many circumstances which would rebut the presumption arising from length of time. Trusts are not strictly within the act of limitations: but equity has wisely adopted the principle of the act. Nevertheless, in equity, as well as at law, it may be shewn from circumstances, that the possession of the defendant ought not to be considered as adverse. Not knowing what were the circumstances alluded to in the charge, we cannot judge of the weight of them. Neither can *528 we say that there was error in referring them to the consideration of the jury. It was in the power of the defendant’s counsel to have had all material facts placed on the record. But having brought up the charge of the Court without any other facts than what are mentioned in it, we can only judge of it as we find it. Not perceiving any error, I am of opinion that the judgment should be affirmed.
Yeates J.
We must judge of this case from the facts disclosed in the charge. The jury were instructed, that at least 1800 pounds of the consideration money paid for the lands in question, was identified to be the same money as had been received on the sale of the lands in Chester county; and that no evidence had been given of the widow or son having any property but what arose from the testator’s estate: that William Wallace, the active contracting party, had declared, that if the money had not been so invested, the girls might have gone and whistled .for their fortunes,, and that'the money would have all perished: and the question of fact was submitted to the jury, whether an express trust-was not proved to their satisfaction, and manifested by all the circumstances of the case. The jury were told explicitly, that some intention must appear by parol or other declarations, so as to raise the trust, or it might be derived by necessary implication from the nature of the acts proved. I can' see-nothing incorrect herein, nor in assimilating the case to German v. Gabbald, 3 Binn. 302. Let us transport ourselves back to the period of time -when the different transactions took place. -The circulating medium of the country was fluctuating; and though different persons ascribed depreciation to different causes, all agreed that it was sinking in value in 1779. It can- excite no surprise, that the widow and eldest son of the testator should be anxious to invest.the proceeds of the Chester county property in lands here ; and, acting as executors, should take- the conveyance in their own names. They were bound by every tie of duty to take the best measures to promote the best interests of the family. The verdict.of the jury concludes us on this point, by establishing the trusts' on the facts fairly submitted to their decision.
The jurors were truly told that trust estates are not within the act of limitations; but that presumptions of acquiescence might be raised from the lapse of thirty-one years, which *529 might give just ground to infer an abandonment of the claim of the plaintiffs below: but that nevertheless such presumptions might be repelled by all the facts and circumstances which had been shewn in proof in the course of the cause. No one can deny that this is sound, legal reasoning. A presumption will only stand until the contrary be proved. We are left in the dark as to those repelling facts and circumstances. We know nothing of the possession of the land, whether it was friendly or adverse to the claim of Dufjield and his wife. But we are bound to conclude that the jurors did not form their opinions without just grounds. No motion was made for a new trial: nor could we go into that enquiry if it had been made. Judgment was rendered on the verdict, and I think it should be affirmed.
Gibson J.
This case differs in an important feature from Gregory’s lessee v. Salter, 1 Dall. 193. and German v. Gabbald, 3 Binn. 302. which carried the doctrine of resulting trusts quite far enough. In each of the two last, the whole consideration moved from the person, to whom the trust was held to result: in this, more than a moiety of the purchase money was paid by the executors with their own funds. A resulting trust, properly so called, arises where the purchaser of land pays the purchase money, but takes the conveyance in another person’s name ; but where a trustee purchases with the trust fund, and takes the conveyance in his own name, there is, properly speaking, no resulting trust, though it is usually called so; for there is in equity a very substantial difference between them both in the quality and extent of the relief that can be called for. In the former, the trustee will be compelled to execute the trust by a conveyance of the land: in the latter, chancery will raise the money out of the land, by a sale of the whole, or such part of it as may be necessary to produce the sum withdrawn from the trust; and this mode is peculiarly convenient where only a part of the consideration has been taken from the trust fund. In Kirk v. Webb, Prec. in Ch. 84. and Halcott v. Markant, Prec. in Ch. 168. it was said money has no earmark, and that chancery oannot, therefore, follow it into the land where it has been invested; but it is certainly law that it may be pursued where the purchaser stood as a trustee in relation to the fund. This was decided in Deg v. Deg, 2 p. Wms. 414. and in. one or *530 two British cases since the revolution, in which it was held the owner of the trust fund had a specific lien. In Pennsylvania,, where we cannot, for want of' a court of chancery, decree a sale, wé are compelled to have recourse, to the action of ejectment as a means and instrument of doing equity between the parties, although the object is for the most part attained by it in an imperfect manner. On the ■whole evidence, then, it would seem the plaintiff below might recover, and that the direction of the Judge was substantially right. As to the other point, I concur without hesitation.
Judgment affirmed.