The opinion of the court was delivered by
Duncan, J.
I refer to the case stated on the appeal, for the facts, and on that statement, proceed to give the opinion of the court.
The interest of Michael Withers in his father’s lands, until it was sold by the administrators, continued real estate. It was not possible by mere words to convert it into personal property so as to affect the lien of any third person; the judgment of Evans assigned to Eshelman bound it at law.
Nothing could be more pernicious than cases of parol trust or secret understandings, and nothing Could be more secret than the trust set up by appellant, for it is not only not reduced to writing, but there is no witness to prove it, except Michael Withers himself. There would be no safety, if these secret acts between brothers, locked up in their own breasts, relative to their father’s estate, should prevail against bona fide judgments by strangers.
If this claim can be supported, it must be because a trust was created, for no legal estate passed; and if such a trust were to prevail, it would be repealing the act of frauds and perjuries, which enacts that no estate or interest in land shall be created by *193 parol only, and no trust can be raised by mere words, unless where it is raised by the act and operation of law. ■ A departure from the wholesome provisions of the clear and positive enactments' of that act, of which it has been said by English jurists, that every line of it deserved a subsidy, has been regretted; and judges, instead of extending the exceptions, are drawing in and conforming to the statute. It must be conceded, that at law no interest in the land passed to John Withers. Although the seventh section of the statute of frauds, which enacts that all declarations or confessions of trust or confidence of any lands, &c., shall be manifested and proved by some writing, is not incorporated in our law, yet in substance it is comprehended in the first section of the act: — “No interest in land, either in law or equity, shall pass by parol only, any consideration for making the agreement to the contrary notwithstanding, except for a term not exceeding three years; nor except by deed or note in writing signed by the party, or by the act and operation of law.” Trusts arising by act and operation of law, are where trust money has been laid out in lands, or' where one man pays the money ánd the conveyance is to another. These, and cases falling within the same reason,.áre the only eases of resulting trusts by act and operation of law, which are within the exception .in the act of assembly. Wallace v. Duffield, 2 Serg. & Rawle, 521. To raise a trust by act and operation of law, an actual payment by cestui que trust must be-shown, to have been made at the time of the purchase. Stiner v. Stiner, 5 Johns. Ch. Rep 1. Cases of fraud are always exceptions between the parties to the fraud.
It is said, that these brothers had a right to enter into the agreement, that one who had advanced money for the other, should be paid out of the father’s descended estate, because no other right had then interfered. So they had, but those -agreements, to have a binding effect on others, must be in the mode pointed out by the law, and if they are not, they cannot bind the legal rights of others. They cannot deprive a creditor'of the security he has obtained, by an agreement which the law says shall pass no interest in the land; and where the application is made to a court of chancery, that court never would grant relief to such secret trust as-this, nor take a plank from'a creditor. It is further said,.this was a pledge. T know of no effectual pledge of land but a mortgage Now, if this had been a mortgage, the law requires it to be published by record; thus showing that the law will not tolerate a secret pledge of land. Make the most of- John Withers’ case, the agreement was a security for indemnity, by parol, on land. The land was not in his hands further than as he was the instrument, the attorney, the officer, of the law, to make sale. The accident of his being co-heir makes no difference, — the same consequence'must arise if the party was a stranger. The equity of the judgment creditor, is not only equal -to that of the appellant, but it is superior: he has both the law and *194 equity on his side, and must prevail. This principle is so familiar, that it would be a waste of time to cite authorities to prove it.
The object of all registering acts is to protect third persons, but not to enable the parties themselves to set it up against their own acts. In England, where title deeds are deposited with an agreement to mortgage, this has been treated in the light of an equitable mortgage. But it is apprehended, that one who purchases in a register county, without notice of the deposit and agreement, would be protectéd. He certainly would here. An unrecorded mortgage will not prevail against a subsequent judgment. It w’ould be a matter of astonishment to find the law so inconsistent, as that a man who has obtained a formal mortgage which he neglects to record, should be postponed to a subsequent judgment; and yet that a parol agreement, known only to the contracting parties, and established only by the oath of one of them, should prevail against such judgment. If it was in writing it could not, or the registering act is a dead letter. That it should be set up as a parol agreement, and obtain because it was not reduced to writing, if when it had been reduced to writing, but not recorded, it would be void, would be an obliquity not to be found in t,hé law.
I am opinion, that the decree of the Orphans’ Court should be affirmed.
Decree affirmed.