The opinion of the court was delivered by
GibsoN, J.
The plaintiff relies on two points, — that the court, erred in admitting evidence of what passed at the execution of the articles, and in their direction on the third point, proposed at the trial.
It is said that no antecedent proposition ought to have been admitted to vary or explain the conveyance which whs ihe final accomplishment of the intention of the, parties; and it cannot be denied that if the evidence had been offered for that purpose, it would have been incompetent. But the consideration of the bond on which suit is brought, is the price of a tract of land which turns out to be deficient in quantity; and it is alleged that the defendant was drawn into the purchase by a misrepresentation of that material fact. He was admittéd to prove, that at the execution of the articles, (and, as the witness thinks, at the execution of the conveyance,) the plaintiff asserted that the tract would be found to contain two hundred and twenty-five acres, and called on the bystanders to bear witness that he would make his assertion good. It is immaterial that he may not have known this to be false: if he affirmed what he did not know to be true, he'was guilty of a fraud, which is a distinct head of equitable relief. The tendency of the assertion-was’to prevent the defendant from having the quantity ascertained by a survey, which he might otherwise have done; and if he in fact reposed on the representation of the plaintiff, it is obvious that he has suffered an injury which ought to be compensated by a deduction from his bond. But how is a party to show that *296 a deception has been practised in the beginning of a transaction, and the delusion kept up through the whole course of it, but by showing the circumstances in the order in which they occurred? On principles of reason, the competency of the evidence is plain, and it is beside sustained by the decision of this court in Stubbs v. King, recently decided at Lancaster.*
The objection to the charge — that the jury, were left to decide according- to the contract, as it should appear by the writings and parol evidence, though they should be of opinion that, no fraud was proved — is founded on an assumption of-what is not true in fact. The counsel prayed the court to charge, that, in the absence of fraud, the parties would be bound by the construction which they gave the contract when it was consummated; and the jury were directed that the proposition, although true in the abstract, was inapplicable to the state of the case as it appeared on the evidence, fraud being alleged in more respects than one. In truth, the defence was put exclusively on the existence of fraud, without which it was not pretended that, it could be made out. A party is not entitled to the direction of the court, on any point that does not necessarily arise out of a state of facts which the evidence may produce. But here the plaintiff actually had an expression of the court’s opinion in favour of bis abstract position; and it was therefore indispensable to instruct the jury, that it was irrelevant to any facts that might result from the evidence; and in this also there was no errors
Judgment affirmed.

 Ante, page 206.