[PHILADELPHIA, FEBRUARY 20, 1841.]

## CAULK *against* EVERLY.

### IN ERROR.

1. In an action by a lessee against the lessor to recover for money expended in repairs, it was held that parol evidence was admissible to prove that after the lease had been executed and taken away, the lessor returned to have it attested; that the lessee then mentioned that certain necessary repairs had been omitted, and that the lessor then agreed that it should be done by the lessee, at his (the lessor's) expense.

2. A lessee may maintain an action against his lessor to recover for money expended in repairs, under an agreement that the lessor would repay it; although the lessee had previously paid rent to the lessor without claiming a deduction for the repairs.

ERROR to the Court of Common Pleas for the City and County of Philadelphia.

In the court below, an action of assumpsit for goods sold, &c., was brought in the name of John Hooper, for the use of Miller N. Everly, against Oliver Caulk, to recover for goods sold by the plaintiff to the defendant.

On the trial before RANDALL, J., on the 23d of December, 1839, the book of original entries of Hooper was produced and proved, in which there appeared various charges, against the defendant, of sand, gravel, &c. furnished.

The witness who proved the book, on his cross-examination, said: " This was for the wharf between Lombard and Pine streets, owned by Mr. Caulk, and rented by John Hooper under a lease. The repairs were made in the spring of 1835. The wharf was not fit for any one to use; the chief part of it was under water. It was so when he first rented it; no one could go on it only in certain spots. There was a written lease. I was one of the witnesses to it; the other

was James Selby." The counsel for the plaintiff then asked the witness what passed between the defendant and Hooper at the execution of the lease; to which question the counsel for the defendant objected; but the court overruled the objection, and the counsel for the defendant excepted. The witness then testified as follows:— "At the time of the execution of the lease Mr. Caulk was at James Hooper's office, at Queen street wharf, where the lease was signed. After it was signed Mr. Caulk took away the lease, and came back and wanted witnesses to it; we then witnessed it. At time of signing Mr. Hooper said, ' One thing has been omitted in the lease concerning the repairs of the wharf.' Mr. Caulk told him to go and repair the wharf; and what necessary work was wanting, he should be paid for it. I was a clerk in Hooper's employ during the time the work was done. What was done was necessary."

The plaintiff's counsel then called one James Selby, who testified as follows:—" I was one of the witnesses to the lease. It was executed at Queen street wharf. A gentleman came into John Hooper's with a lease. They had signed the lease, and Mr. Caulk went away; then came back and said he wanted witnesses. Mr. Hooper said that the wharf was in a very bad condition, and wanted filling up before it was fit for wood. Mr. Caulk said he might go on and repair it, and he would pay expenses. No sum was mentioned."

The counsel for the plaintiff then gave in evidence an assignment executed by John Hooper to Miller N. Everly, in trust for creditors, dated November 8, 1836, and then closed his case.

The counsel for the defendant then stated that it was agreed between the parties that all rent had been paid by John Hooper from March 27, 1835, to November 8, 1836; to which the counsel for the plaintiff assented. The defendant's counsel also gave in evidence a lease, executed by the defendant and John Hooper, dated January 1, 1835, whereby the defendant demised the wharf above mentioned to John Hooper for the term of five years.

The counsel for the defendant requested the court to charge the jury that the plaintiff was not entitled to recover upon the evidence of a parol agreement made at the time of the execution of the lease; and also that the payment of rent without deduction of repairs, barred the plaintiff. But the court refused so to instruct the jury, and charged them as follows:

" If you believe this agreement was made, the evidence of what passed at the execution of the lease is competent to go to you. The payment of rent, without deduction, does not bar the plaintiff. If not deducted, the plaintiff is now entitled to recover."

(Caulk v. Everly.)

A bill of exceptions was taken by the defendant's counsel, and on the return of the record, the following errors were assigned.

" 1. That the court erred in admitting evidence of a parol agreement, made after the execution of the lease to vary the same ; and in charging the jury that such was competent evidence.

2. In charging that the payment of rent, without deducting the same, now claimed for repairs, does not bar the plaintiff of his present claim."

Mr. *Hare* for the plaintiff in error.

1. The parol agreement set up was part of the lease, and not maintainable. The only consideration was the payment of the rent. 2 *Starkie*, 548. *Brigham* v. *Rogers*, (17 *Mass. Rep.* 571.) *Rich* v. *Jackson*, (4 *Bro. Ch. Rep.* 525.) *White* v. *Parkin*, (12 *East*, 583.) *Meres* v. *Ansell*, (3 *Wilson*, 275.) *Thomson* v. *White*, (1 *Dall.* 425.) *Christ* v. *Diffenbach*, (1 *Serg. & Rawle*, 464.) *Bollinger* v. *Eckert*, (16 *Serg. & Rawle*, 422.) *Phillips* v. *Monges*, (4 *Wharton*, 226.)

2. There was a presumption of payment after such a lapse of time, and payment of rent ; and so the court ought to have instructed the jury.

Mr. *J. Campbell* contra, was stopped.

The opinion of the court was delivered by

GIBSON, C. J.—That a contract cannot rest partly in writing and partly in parol, was asserted in *Share* v. *Anderson;* and doubtless there are authorities to show that all stipulations on the same subject, and at the same time, constitute but one agreement. But letting and repairing are so far different that they may be subjects of distinct contracts ; and as the execution of the lease was complete, in this instance, by the sealing and delivery—the attestation of it by witnesses being unessential—the agreement to repair was made at a time subsequent to it. The witnesses say that the lease had been taken away ; that the lessor had returned to have it attested ; that the lessee then mentioned the filling up of the wharf as a thing omitted ; and that the lessor agreed that it should be done by the lessee at the lessor's expense. It was evidently an afterthought ; but even had the written contract not been closed, the parol promise might, nevertheless, be set up to frustrate the lessor's meditated fraud—a principle intimated in *Share* v. *Anderson*, and asserted in cases both previous and subsequent to it ; for since the time of *Hurst* v. *Kirkbride*, cited 1 *Yeates*, 159, and more distinctly stated by Chief Justice TILGHMAN, in 1 *Binney*, 616, this court has held it fraudulent to attempt an advantage from a written agreement executed on the faith of parol stipulations not intended to be performed. Thus in *M'Meen* v. *Owen*, (2 *Dall.* 173; S. C. 1 *Yeates*, 185,) parol evidence was received to show that, at the time of executing

articles of sale, the price was agreed to be received in any money current at the day of payment. In *Field* v. *Biddle,* (2 *Dall.* 171; S. C. 1 *Yeates,* 132,) an obligee was allowed to show a parol agreement at the execution of the bond, that it should take effect only on the happening of a contingency. So in *Miller* v. *Henderson,* (10 *Serg. & Rawle,* 290,) declarations at the execution of a bond that the defendant's signature, as a surety, was wanted as a matter of form, and that he should not be called on for payment, were admitted as evidence that he was entrapped; and the same principle was ruled in *Campbell* v. *M'Clenachan,* (6 *Serg. & Rawle,* 471.) The proper limitation to this, as stated in *Hain* v. *Halback,* (14 *Serg. & Rawle,* 194,) is that the party should appear to have been drawn in to execute the instrument by a belief that he would have the benefit of the part omitted; without which the rule laid down in *Bollinger* v. *Eckert,* (16 *Serg. & Rawle,* 424,) that whatever was agreed to but omitted, may be shown, would be too broad. The existence of such a limitation, however, is to be implied from the context of that case; and perhaps it was substantially expressed. There are other decisions on the subject, but I shall refer to no more than *Christ* v. *Diffenbach,* (1 *Serg. & Rawle,* 464,) in which a lessee was allowed to give parol evidence of a promise to perform a covenant which had been left out of the lease by mistake. Is not that the very case before us? We are not told, indeed, that the agreement about filling was made before sealing and delivery; but one of the subscribing witnesses testifies that, at the time of the attestation, the lessee said, " that one thing had been omitted in the lease concerning the repairs of the wharf;" and that the lessor " told him to go and repair the wharf, and that what necessary work was wanting, he should be paid for." If this be taken to have been antecedent to the completion of the instrument, it will result that the lessor was guilty of a fraudulent misrepresentation; and if subsequent to it, the promise would be a separate and distinct contract.

The other point is equally clear. Upon the defendant's promise, if it be a distinct agreement, the plaintiff can certainly maintain an action at law; and even if it be an omitted condition of the lease, it might be separately enforced in equity, for which an action at law is, with us, a substitute. The lessee might undoubtedly defalcate his demand from the rent; but to enjoin the lessor, would be an inadequate remedy in a case where rent had not accrued; as for instance, where the lessor had evicted the lessee before the end of the quarter. Yet every consideration of justice requires that, having received all for which he stipulated, his own part of the contract should be enforced.

                                          Judgment affirmed.