JACKSON, *ex dem.* ROOSEVELT and others, *against* WHEAT.

An *adverse*
*possession* for
*twenty years,*
under *claim or*
*colour of* right,
gives a title.
It is not neces-
sary, to con-
stitute such
adverse pos-
session, that it
should be ta-
ken under a
good or right-
ful title. And
if on the trial

THIS was an action of ejectment, to recover part of lot No. 21, in the second division of the *Minisink* patent, in the town of *Deerpark.* The cause was tried at the *Orange* circuit, on the 30th *November,* 1818, before Mr. *Justice Van Ness,* when a verdict was taken for the plaintiff, subject to the opinion of the court, on the following case :

The plaintiffs claimed title to the premises in question,

the defendant shows that he took possession, claiming under a deed, he is not bound to produce the deed, though called for by the plaintiff; but he may rely on his adverse possession.
A party claiming the benefit of the *proviso* in the statute of limitations, can only avail himself of a *disability existing* when his right of action first accrued.

under the *Minisink* patent, dated 28th *August,* 1704. (*Vid. vol.* 16. p. 293.) On a division of the patent, lot 21, in the second division, became the separate property of *Lancaster Symmes,* one of the patentees, who died, leaving *L. S.* his heir at law, and who died before 1750, leaving three children, *Lancaster, Catharine* and *Elizabeth. Elizabeth* married *F.* who died without issue ; she afterwards married *Peter Roosevelt,* by whom she had issue *Peter Roosevelt,* one of the lessors, and died before 1780. *Catharine Symmes,* before 1754, married *John Ogilvie,* by whom she had two children, *George* and *Mary.* Her husband died in 1774. *Mary O.* in the summer of 1777, after the death of both her parents, married *Barent Roorback,* she then being fifteen years old, and continued under coverture until 1812, when her husband died. *George Ogilvie* died in *April,* 1797, leaving two daughters, *Eliza* and *Amelia,* one of whom married *Thomas Belden,* and the other *Jabez Comstock,* both lessors. At the request of the defendant, the plaintiff produced in evidence a deed, dated *July* 9, 1754, from *John Ogilvie* and *Catharine* his wife, to *Lambert Moore,* of all the real estate of *Catharine,* in *trust* that he should grant and re-convey the same to the said *John O.* his heirs and assigns, and a deed from *L. M.* to *John O.,* his heirs and assigns, dated *July* 11, 1754, of the same estate.

*John Ogilvie,* by his last will, dated 22 *November,* 1774, after several personal bequests, devised all the residue of his estate, real and personal, to his two children, *George* and *Mary,* in fee, equally to be divided between them.

The defendant set up in his defence, a title by possession, and also that the lot occupied by him, was not within the bounds of the *Minisink* patent.

*John Gillet,* a witness, testified, that the defendant had lived on the premises about forty years ; that *William Gillet,* uncle to the witness, was the first occupant of the next lot east in *Deerpark.* That the defendant bought of *W. G.* ; but the witness did not know whether he had a deed. That *W. G.* had a deed, and the witness supposed the defendant had one. *W. G.* claimed title under the

*Minisink* patent, and purchased of *Henry Wisner*, one of the proprietors.

The plaintiff called on the defendant to produce the deeds mentioned by the witness, which he refused to do, and they were not produced.

The defendant then offered to prove, that the premises were not contained within the bounds of the *Minisink* patent, which evidence, being objected to, was overruled by the Judge.

*Billings*, for the plaintiff, contended, that the right of Mrs. *Roorback* was saved by her coverture : That the defendant having shown that he claimed under the *Minisink* patent, was estopped to say that the premises were not within that patent. (1 *Johns. Cases*, 81.) That the point as to the location of the patent was decided in *Jackson, ex dem. Belden*, v. *Thomas*, (16 *Johns. Rep.* 293.) and the Court will not grant a new trial merely for the sake of having that fact again proved. The plaintiff is entitled to recover one-fourth of the premises, under the demise of Mrs. *Roorback*. (4 *Johns. Rep.* 311.)

*Betts*, contra. No objection was made at the trial, that there was not sufficient evidence of an adverse possession by *William Gillet*. The plaintiff's counsel merely called for the deeds, to prove that his possession commenced under colour of title. The evidence clearly shows that the possession was adverse, and if it reached back to the life of *John Ogilvie*, it bars the rights of all the lessors. If it did not commence until after his death, in 1744, then the right of Mrs. *Roorback* is preserved, though the other lessors are barred.

A person who goes into possession of land, without right, or colour of right, may, by lapse of time, and the neglect of him who has the right, acquire a perfect and indefeasible title. (3 *Cruise's Dig.* 368, tit. 29. ch. 1. s. 3.) In *Taylor* v. *Horde*, (1 *Burr.* 119.) *Lord Mansfield* says, " *twenty years* adverse possession is a *positive* title to the defendant : It is not a bar to the action or remedy of the plaintiff only, but takes away the right of possession." (2 *Salk.* 421.

*Lord Raym.* 741.) The same principle has been adopted by this court ; (*Jackson, ex dem. Livingston,* v. *Schutt,* cited in *Jackson* v. *Lunn,* 3 *Johns. Cases,* 118. *Jackson* v. *Hazen,* 2 *Johns. Rep.* 22. *Smith* v. *Lorillard,* 10 *Johns. Rep.* 350.) and by the courts of the other states. (13 *Mass. Rep.* 486. *Fanning* v. *Wilcox,* 3 *Day's Rep.* 258. *Ray* v. *Smith,* 2 *Bay's S. C. Rep.* 339. 1 *Munf. Rep.* 454. *Overton's Tennesse Reports,* 353.) Though the court has said that the possession must commence under claim or colour of title, it is not meant that it should be under a title by deed. The fact of possession, and the *quo animo,* with which the defendant entered, determines the character of the possession. (9 *Johns. Rep.* 180. 13 *Johns. Rep.* 119. 16 *Johns. Rep.* 293.) If, then, a person enters on land claiming and holding it as his own, the statute, after a continued possession of twenty years, gives him a title.

He is not obliged to show that he entered under a title by deed. It is said, that the deed, if called for, must be produced, or its loss accounted for ; but the person in possession may protect himself, by connecting his possession with that of *G.* (2 *Caines,* 183.)

Again, the defendant ought to have been allowed to show that the premises were not within the *Minisink* patent. If he sets up a distinct and independent title from that of *B.,* he is not estopped to say that the plaintiff derives no right from *B.* A defendant may always rely on his possession. *Jackson, ex dem. Belden,* v. *Thomas,* was decided on the particular case then before the Court. It cannot preclude the party, in another cause, from showing that the patent was not correctly located.

*Sudam,* in reply. A mere occupation of land, without any paper title, or gift, or colour of title, without such a lapse of years, or a descent cast, as will toll the right of entry, cannot give a title. The *English* cases suppose an entry under claim of title and a descent cast. The question of adverse possession has been much discussed in this Court, and it is settled, that the entry of the defendant must be under colour of title. There can be no *colour* of *title,* unless there be a deed, or something equivalent to a deed, or a descent

cast. Here the evidence of the defendant showed that there had been a deed ; and he ought to have produced it, or accounted for its non-production.

In *Jackson, ex dem. Young*, v. *Ellis*, (13 *Johns. Rep.* 118.) where *A.* claiming title to land by descent, made a parol gift of it to *B.* under which he entered, and *A.* afterwards conveyed the land to *B.*, it was held that the possession must be deemed to be taken by *B.* in his own right, or in behalf of *A.*, and in either point of view, the possession was the same. The Court will not indulge presumption so far in favour of the defendant, as to consider 40 or 41 years to be 44 years.

Again ; the defendant having showed that he claimed under the *Minisink* patent, he is concluded from setting up a title under another patent.

*Per Curiam.* 1. The possession of the defendant was, undoubtedly, adverse : it has been continued for a period of between 40 and 50 years, under a claim of title, by purchase from *Gillet*, who had a deed. It was not necessary to pro- duce that deed, though called for by the plaintiff. Suppose the deed had been lost, or when produced was found to be defective, that could not have destroyed the effect of the defendant's possession. In *Smith* v. *Lorillard*, (10 *Johns. Rep.* 356) *Kent*, Ch. J. said, " that after a continued pos- session for *twenty* years, under pretence or claim of right, the actual possession ripens into a right of possession which will *toll* an entry ;" and in *Smith* v. *Burtis*, (9 *Johns. Rep.* 180.) *Spencer, J.* said, *(Van Ness, J.* and *Yates, J.* concurring) that " it had never been considered necessary to constitute an adverse possession, that there should be a *rightful* title. Whenever this defence is set up, the idea of right is ex- cluded ; the fact of possession, and the *quo animo* it was commenced and continued, are the only tests :" And in *Jackson* v. *Ellis*, (13 *Johns. Rep.* 120.) the Court said, that "it had been repeatedly ruled in this Court, that an entry under *claim or colour of title*, is sufficient to constitute an adverse holding. It is not necessary, for this purpose, that the title under which such entry is made, should be a good and valid title." (2 *Caines*, 183.)

2. The plaintiff claims to recover *one fourth* of the premises, on the demise of *M. Roorbach*, on the ground that she married *R.* in the summer of 1777, after the death of her father and mother. The defendant has been in possession above *forty* years, and it was *forty-one* years since *M. R.'s* marriage. If the defendant's possession commenced before her marriage, then, according to the opinion of the Chancellor, in *Demarest* v. *Wynkoop*, (3 *Johns. Ch. Rep.* 129—133.) upon a review of all the cases, and which we consider as sound law, Mrs. *R.* can only avail herself of the disabilities existing when the right of action accrued ; and the disability which then existed was *infancy ;* for her right of a claim accrued when the defendant first took possession, and that was before her marriage. The case of *Doe* v. *Jesson*, (6 *East,* 80.) is in point.

It is, therefore, unnecessary to consider the question, whether the defendant ought not to have been permitted to prove that the premises in question were not within the bounds of the *Minisink* patent.

Judgment for the defendant.