## WILLIAM H. COPP *vs.* JOHN NEAL.

THE title to the soil and freehold over which a highway is laid, is presumed to be in the owners of the adjoining land, until the contrary is shewn.

The vote of a town to convey land according to an article in the warrant for town meeting, accompanied by entry in pursuance of said vote, is evidence of title without deed.

Entry upon a portion of a highway conveyed by vote of a town will be construed in its legal effect to extend to the whole.

THIS was a writ of entry for a tract of land in Tuftonborough, eighty rods long and two rods wide, formerly laid out by Tuftonborough as a highway.

On the trial it appeared that there was formerly a highway *adjoining*, upon one side, on land of the plaintiff and the land of one Daniel Furnald, the defendant's grantor,

which highway had been long occupied as a public road : but when laid out, or over whose land, it did not appear.

On the 21st of December, 1815, another road was duly laid out by the selectmen over land of the plaintiff; and on the 16th of September, 1816, in pursuance of an article in the warrant, the town voted to give the first named highway to the plaintiff in exchange for the one last mentioned, laid through his land. Soon after this the plaintiff took up the fence between a part of his land and the old highway, and built a fence across the highway so as to enclose a part of the highway in the plaintiff's field; but there was no evidence that he entered upon that part of the old highway which lay adjoining Furnald's land, to recover which this action is brought.

It was further in evidence, that on the 17th of July, 1822, Furnald conveyed the land of which he was in possession to the defendant, describing it as bounded on land *voted by the town to William H. Copp*, the plaintiff.

Upon this evidence a verdict was taken by consent for the plaintiff, subject to be set aside and judgment entered for the defendant, if the court should be of opinion that the plaintiff's action was not maintained.

*I. Bartlett*, for the plaintiff.

*Lyford*, for the defendant.

Upham, J. delivered the opinion of the court. Where highways are laid out in pursuance of statutes, over the land of an individual, the public acquire only an easement, and the right of soil and freehold remains in the original owner. *Perley* vs. *Chandler*, 6 *Mass*. 454; *Alden* vs. *Murdock*, 13 *Mass*. 259; *Stackpole & al.* vs. *Healey*, 16 *Mass*. 33; *Robbins* vs. *Borman & al.*, 1 *Pick*. 122; *Makepeace* vs. *Worden & al.*, 1 *N. H. R*. 16.

There is nothing however to preclude a town from hold-

ing the title to land over which highways are laid, and they have frequently claimed the title in cases of ancient range-ways laid out by the original proprietors.

By the statute of Feb. 8th, 1791, towns were authorised " to discontinue any highways laid out by the order of the ' town, and to sell the land taken up in such highway, or ex-' change the same for some other land where a highway may ' more conveniently be laid out and occupied." *N. H. Laws, ed.* 1815, *p.* 336. But where towns have no right of soil they can neither sell, or exchange land, over which high-ways are laid ; and, in such cases, when highways are discon-tinued, the title revests in the original owner.

The possession of the owner of lands bordering on a highway may be considered a possession to the centre of the way, subject only to the easement belonging to the public, so that on a discontinuance by the town of the highway, and a subsequent conveyance of said highway by the town, the owner of such lands would have a priority of possession over any grantee of the town. The public can acquire no right of soil, by prescription, in a way, used as such merely, but only an easement ; and their possession would be no evidence of title, or claim beyond an easement, unless their declarations or acts necessarily involved a claim to the soil. *Styles* vs. *Curtis,* 4 *Day.* 339 ; *Peck* vs. *Smith,* 1 *Con.* 103 ; *Cortelyon* vs. *Van Brundt,* 2 *Johns.* 357 ; 3 *Kent's Com.* 432 ; *Grose* vs. *West,* 7 *Taun.* 39 ; *Chatham* vs. *Brain-erd,* 11 *Con.* 60 ; 1 *Swift's Digest* 108.

On these principles, the burthen of proof in this case would have rested upon the town, after a discontinuance of the road, to show their claim of title to the soil as against the original owner.

But the original owner here, by his deed of 17th of July, 1822, conveyed his title to the defendant, and in his convey-ance bounded the defendant on land voted by the town to the plaintiff. The grantor of the defendant, then, on the date of said deed, claimed neither title nor possession in the

land now in question, but limited his conveyance by said land. The defendant, therefore, holds nothing by deed; and the question is, under such circumstances, whose claim of possession is best,—that of the plaintiff claiming under the town, or the possession of the defendant.

The plaintiff claims by vote of the town, passed on the 16th of September, 1816, conveying the premises to him in exchange for other land granted to the town by the plaintiff for the purposes of a highway, and this disposition of the land was made in pursuance of an article in the warrant for the town meeting.

Immediately after this vote, the plaintiff removed the fence betwixt his land and the highway, and enclosed within his field that portion of the highway adjacent to his land, but did not enter on the portion of the highway adjoining Furnald's land.

It seems to be well settled, that the votes of proprietors of common and undivided land in townships, are sufficient to make partition of land and to convey the same; and the same rule has in some instances been extended to towns; and conveyances in this manner by them have been holden competent to pass the title, at least where possession has been taken in conformity to the vote. *Springfield* vs. *Miller*, 12 *Mass.* 415; *Adams* vs. *Frothingham*, 3 *Mass.* 353; *Codman & al.* vs. *Winslow*, 10 *Mass.* 147; *Coburn* vs. *Ellenwood*, 4 *N. H. R.* 99. There can be no doubt but such a vote constitutes color of title.

The entry of the plaintiff upon the premises was by virtue of the vote of the town; but his actual occupation extended only to a portion of the highway. There was no occupation of the highway adjoining Furnald's land. But Furnald claimed no right to it, and conveyed none to the defendant. The defendant's claim of possession is, therefore, a mere naked claim, without color of title, and is subsequent to the plaintiff's entry under the vote of the town.

The plaintiff having entered upon the land must be pre-

sumed as entering claiming according to his title. *Proprictors of the Kennebeck Purchase* vs. *Springer*, 4 *Mass.* 416 ; *Jackson* vs. *Wheat*, 18 *Johns.* 40 ; *Riley* vs. *Jameson*, 3 *N. H. R.* 27.  The circumstance that it was not consistent with his convenience at the  time actually to occupy but a portion of the premises would not debar him from the legal presumption attending his entry, which  would be coextensive with his title.  The plaintiff's possession, then, with color of title, extends to the whole highway, and is prior to the merely naked possession of the defendant.  He is, therefore, entitled to recover, and there should be

*Judgment on the verdict for the plaintiff.*