*553
 
 Roosevelt, J.
 

 Prior to March, 1847, the defendant owed the plaintiff, as was duly proved, $2755.40. He then procured the plaintiff and others to sign a petition for his discharge under the insolvent act, and to make affidavits, to attach thereto, of the respective amounts due to each petitioner. Soon after, without abandoning the insolvent proceeding, he induced the petitioners to execute to him a general release. The release was under seal, and was dated May 27, 1847. The parties signing it did not withdraw their names from his petition for an insolvent discharge, nor require the defendant to return their affidavits proving the amount of their respective claims. It was signed by the plaintiff after the 27th of May and prior to the 1st of July, 1847, and therefore, if valid, was a complete bar to the plaintiff’s recovery.
 

 Notwithstanding this release, however, the defendant on the first of July presented the petition to the judge for a discharge under the act; to which was annexed the usual sworn schedule of creditors, and among them the plaintiff for his $2755.40 as a subsisting debt. On the admission in this affidavit the plaintiff relies for a recovery.
 

 An attempt was also made to show a fraudulent alteration in the release; but no alteration was proved to have been made after it was signed. The only real question was as to the supposed estoppel created by the defendant’s affidavit. A party, it is said, should not be permitted to deny a debt after having sworn to its existence. On the other hand, however, it may be urged that a party should not be permitted to prosecute a claim after having released its obligation. This affidavit, moreover, admits of an explanation consistent with good faith. We are at liberty, in favor of the truth of both parties, to presume that it was their mutual understanding that the defendant, if legally practicable, was to obtain a general discharge under the insolvent law from all his debts; and if not, then that he should at all events have a partial discharge, to the extent of the demands of those of
 
 *554
 
 the creditors who were willing to execute the release. Viewed in this light, both the affidavit and the release, although not literally, would be substantially, true. But if it were true that the defendant attempted a fraud, he had, as Judge Woodruff expresses it, the assistance of the plaintiff, who now seeks in effect to avoid his own solemn release by setting up a fraud, if fraud it was, in which he united with the defendant. The answer to such a position is
 
 ex turpi causa non oritur actio.
 
 It was a wrong, but not a wrong upon the plaintiff. The wrong was by both plaintiff and defendant upon innocent third persons, contemplated but not successfully consummated. As to the plaintiff, so far from being wronged, he intended that the defendant in any event should be discharged. To give effect*therefore to the release is to cany out the intention of both.
 

 The judgment should be affirmed with costs.
 

 All the judges concurring,
 

 Judgment affirmed.