## Henrietta De Mill and others v. The Port Huron Dry Dock Company and others.

*Ejectment : Partition proceedings : Res adjudicata.*   Heirs at law of a defendant in a partition suit in chancery which has not been revived against them after the death of their ancestor, are not precluded by the decree in such partition suit from bringing ejectment for their undivided interests ; proceedings which ignore them and their interests cannot affect their legal rights.

*Heirs at law : Administrators: Partition: Revival: Representatives.*   The fact that the partition suit was revived, as against the administrators of the estate of such deceased ancestor, for the purposes of an accounting, does not affect the rights of the heirs at law in the inheritance; as to those rights the administrators did not represent the heirs.

DeMILL v. PORT HURON DRY DOCK COMPANY.

*Partition: Ejectment: Remedy.*   The pendency of the chancery suit in condition to be revived by the heirs, should they so elect, does not deprive them of their equal right to possession with the other tenants in common, nor bar their remedy by ejectment to recover it.

*Statute of limitations.*   In the absence of any finding when the defendants went into possession, the objection that the plaintiffs are barred by the statute of limitations is untenable.

*Heard April 30.   Decided July 21.*

Error to St. Clair Circuit.

*William Potter, A. E. Chadwick* and *G. V. N. Lothrop,* for plaintiffs in error.

*O'Brien J. Atkinson, B. C. Farrand, W. T. Mitchell,* and *Ashley Pond,* for defendants in error.

COOLEY, J.

The plaintiffs seek to recover in ejectment certain undivided interests claimed by them as heirs at law of John Thorn, deceased, in lands platted by him in the city of Port Huron. Thorn's title to the premises was not disputed; but the defendants insist that the right of the plaintiffs is cut off by proceedings in equity for partition, which were pending against Thorn at the time of his death, and which had already proceeded to a decree. These proceedings were in favor of the heirs at law of one Knapp, and the complainants therein were adjudged to be owners of the undivided one-half of the lands, and to be entitled to an accounting as against Thorn in respect to certain expenses and charges, which need not be further referred to. After Thorn's death certain steps were taken to revive the partition suit; and the adminstrators were brought in as parties, but these plaintiffs were not brought in, and did not participate in the further proceedings. A partition was nevertheless made of the lands under the order of the court of chancery in the partition suit, and under this the defendants now claim. The circuit judge considered himself concluded by this order, and gave judgment for defendants accordingly.

If plaintiffs, as heirs at law, had been made parties to the partition proceedings, they would of course been bound by them; but proceedings which ignore them and their interests, cannot affect their legal rights. It is suggested that the administrators were representatives of the estate after the suit was revived as against them; but this would be so only for the purposes of the accounting. They had no control over the partition of the inheritance after the accounting should be had, and in their representative character were not concerned with what might be done in that regard.

It is also suggested that the suit in equity is still pending, and if the proceedings subsequent to Thorn's death are ineffectual, the remedy of the plaintiffs is to have that suit revived. That course might perhaps be taken by them if they should elect to do so; but the pendency of the chancery suit does not deprive them of their equal right to possession with the other tenants in common, which is all they seek to recover in this action.

It is also made a point that the plaintiffs are barred by the statute of limitations. There is nothing in the finding of facts to show when defendants, or those under whom they claim, went into possession, and consequently nothing to support this objection to a recovery.

The finding shows the plaintiff, De Mill, entitled to ninety-seven four hundred and forty-first parts of the land; the plaintiff, Comstock, to twenty-one four hundred and forty-firsts, and the plaintiff, Kimball, to twenty-one four hundred and forty-firsts. For these interests, respectively, judgment must be entered in their favor in this court, and also for the costs of suit. And the record will be remitted to give an opportunity for the statutory new trial.

The other Justices concurred.