## Ambrose C. Burdick v. Jacob Michael.

*Charge to the jury: Detached sentences: Construction.* Detached sentences of a charge to the jury, which are complained of as being inconsistent with and neutralizing instructions given on the request of the party making the objection, are to be construed, as they would be understood by the jury, as qualified by the context and by the whole charge given.

*Trover: Charge to the jury: Ownership.* A charge in trover that if the defendant's vendor owned the property when he passed it to the defendant the plaintiff cannot recover, is not error where the plaintiff claims through a different chain of title; if the property did not belong to plaintiff he cannot complain of its conversion.

*Purchaser: Payment: Title.* It can make no difference what one paid for property he purchased, in a controversy as to the title between his vendee and one claiming through a different source, so long as he paid his own, and not such other person's money or other consideration.

*Live-stock: Ownership: Fodder.* There is no rule of law which gives the ownership of live-stock to the person who owns what they feed on.

*Owner: Estoppel.* An owner of property will not be held estopped from asserting his ownership in a case where the evidence fails to show that his silence or conduct has misled any one else into any course to his prejudice, or induced him to do what he would not have done if informed of the former's rights.

*Heard June 9.    Decided June 15.*

Error to Branch Circuit.

*John B. Shipman,* for plaintiff in error.

*Louis T. N. Wilson,* for defendant in error.

CAMPBELL, J:

This was an action of trover, involving the ownership of certain live-stock, which plaintiff claimed as having been mortgaged to him by one John J. Crandall, and which defendant claimed by purchase from Gilbert G. Crandall. The course which the case took renders it unnecessary to refer to any facts except those bearing on the dispute concerning Gilbert G. Crandall's relations to plaintiff. Burdick introduced testimony tending to show that he left such property as he obtained a right in through John J. Crandall, on

the farm which the latter had before occupied, in charge of Gilbert G. Crandall and his father, and claimed that the animals in dispute were pointed out and recognized as belonging to the lot which plaintiff owned. The testimony for the defense, which prevailed with the jury, was, that they belonged to Gilbert.

The plaintiff presented a very full list of charges covering every possible view which could be suggested on his behalf, and they were all granted. The only errors urged on the argument referred to a few detached sentences in the charge, which he claims were not consistent with, and neutralized the favorable charges given. These were in substance, *first,* that if Gilbert G. Crandall owned the property when he passed it to defendant, plaintiff could not recover; *second,* that if he thus owned it when he passed it to defendant, there was nothing in the case to estop defendant; *third,* that feeding the stock on the produce of the farm would not change the title; and *fourth,* that if they were purchased by Gilbert G. Crandall and paid for out of farm produce, such purchase would be lawful if he had received the produce in payment for his work.

It is questionable whether the objections taken are not too narrow, in selecting parts of sentences and clauses which are more or less qualified by their context. But we find no reason for imputing error in the points suggested. If the property did not belong to plaintiff, he certainly cannot complain of its conversion, and it can make no difference what Gilbert paid for it, if he paid his own, and not plaintiff's money or other consideration. Nor is there any rule of law which gives the ownership of live-stock to the person who owns what they feed on. The only point on which there is any seeming contradiction is as to the estoppel. The court had charged that if Gilbert was to take care of the animals for plaintiff, he could set up no claim to them himself, without first surrendering them to plaintiff and ending the bailment. This ruling is said to conflict with

the remark that if the property was Gilbert's, there was nothing in the case to estop defendant from claiming it.

We do not understand this to refer at all to the facts which were supposed to estop Gilbert, but only to the conduct of Michael. There was testimony introduced by plaintiff to show that Michael had called on him to buy cattle, and agreed to meet him at the farm, but plaintiff was not there when he called, and he negotiated with Gilbert Crandall, who afterwards drove the animals to his place. It was no doubt in regard to this that the court held, and very justly, that nothing appeared which would estop Michael, because there was nothing to show that he was informed that Burdick claimed the animals in question, and the original dealings had no reference to any particular animals. This is the natural construction of the language of the court, and we cannot properly force it into a different meaning. But we do not intimate that there would have been error had it referred to Gilbert, for we find no evidence that Gilbert's silence or conduct misled plaintiff into any course to his prejudice, or induced him to do what he would not have done, if he had been informed of Gilbert's rights, which the jury have found to have been complete.

There is no error in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.