ROBERT WALSH ET AL. v. WILLIAM H. VARNEY ET AL.

*Revivor of Partition Proceedings.*

Parties purchasing titles under judicial sales get only that which can be lawfully sold.

When partition proceedings are directed against several distinct parcels of land, each is subject to partition by itself.

A decree of partition cannot be opened to change results without also setting aside the titles obtained under it.

Parties cannot claim under a decree of partition and at the same time seek to avoid or open it.

Ejectment for distinct parcels of land must be brought against each separate holding.

Where the interests of complainants are several and not joint they must be severally enforced.

Where a bill for partition is held to make out no case for relief, the Supreme Court will not consider questions of title involved in it.

Where the grantees of partitioners hold separate and undivided interests and the partition proceedings were not defective as to the parties, they cannot have the proceedings revived for the purpose of barring of their rights persons who had not been made parties, so as to prevent them from asserting their legal rights by bringing ejectment.

Appeal from St. Clair.    Submitted October 19, 1877. Decided January 9, 1878.

BILL OF REVIVOR. ·  Complainants appeal.    The facts are in the opinion.

*Brown & Farrand* for complainants.

*Chadwick & Voorheis* for defendants.

CAMPBELL, C. J.    This is a bill filed by several purchasers of separate lots by direct or mesne conveyances from several distinct grantors who got their respective rights by allotments under partition proceedings.    They seek to obtain a revival of those proceedings for the purpose of having a decree barring of their rights several persons who were not made parties to that suit, and to prevent them from asserting their legal rights, as they are doing in some instances, by ejectment.

The bill is peculiar and somewhat involved, but its important features may be easily described.    It was dismissed by the Circuit Court on demurrer.

In 1850 a decree made by the circuit court for the county of St. Clair was affirmed by this court, which was in substance that partition should be made between John Thorn as half owner, and the heirs of Thomas S. Knapp, as owners of the other half of certain property in Port Huron divided into city lots.    The decree directed an accounting by Thorn for the proceeds of other lots sold in which Knapp was equally interested, allowing Thorn compensation for his services in managing the property, and directing him to pay the heirs or the estate of Knapp to pay him any balance found against either on

the accounting. It does not clearly appear, and is not now important, whether or not such balance was made chargeable on the property. (Inferentially it would seem not to have been made so chargeable, as the balance, if coming from Knapp's estate, was a personal claim, and the same result would apply against Thorn or his estate.)

Thorn died in May, 1851, leaving a widow, and none but collateral heirs, the descendants of brothers and sisters. The widow and Samuel W. Hamilton were appointed administrators. Hamilton had several years before held title to certain lots north and separate from the lands embraced under the terms of the decree against Thorn, and which would have been embraced, not in the partition, which related to lands then owned, but in the accounting for lands previously sold, the title to which was recognized and not questioned. These lands, being all lots lying north of Broad street, which had been once held by Thorn subject to Knapp's equity in the moiety, were at the time of the original chancery proceedings owned by Mrs. Thorn in her own right, and not legally involved in the proceedings. She afterwards conveyed them to Hamilton, in 1851, after Thorn's death.

In November, 1852, the suit was revived, and Mrs. Thorn and Hamilton were brought in as administrators, and a large number of Thorn's heirs were also made defendants. Some now appear to have been left out who are made defendants, or whose grantees are made defendants, to this present bill. The character and extent of their interests are not defined distinctly.

In the same month an order of reference was made, and on the 20th of May, 1853, an account was stated, by which the Knapp heirs were credited with $2,500 as due them from Thorn's estate, over and above his counter claims. This settlement bound the estate as represented by the administrators, and the heirs of Thorn were not otherwise directly concerned in it, so that their absence from the record would not affect it. It was, moreover, a personal claim belonging to the Knapp heirs, which was

a pecuniary and not landed interest, and which could not pass to any one else by their sale of real estate. We are at a loss to conceive how it concerns these complainants.

On the 20th of May, 1853, a decree of partition was made, which was never appealed from, by which, for reasons not appearing, the balance due the Knapp heirs was to be paid out of the property north of Broad street, which Samuel W. Hamilton then owned in his own right and which seems for some reason or other to have been voluntarily subjected to the partition, giving Hamilton an equivalent out of the Thorn interest in the lands south of Broad street.

The effect of this decree was to give to the Knapp heirs one-half of the lots south of Broad street, as valued, and to give the Thorn estate and Hamilton the rest.

This decree not appealed from bound all the parties to the suit, and all claiming under them.

The present complainants all claim by titles derived from these various parties. They do not claim that the defendants have ever done anything to bar their rights.

It is a very well settled doctrine that parties purchasing titles under judicial sales purchase just what can lawfully be sold, neither more nor less, and have no further rights. Each of these complainants appears, if the bill is true, to have a valid undivided interest in his or her own separate lot. Neither of them is interested in any other lot. The lots were laid out by Thorn himself, and no one parcel is therefore necessarily entangled with any other, and each is subject to partition by itself. *Butler v. Roys*, 25 Mich., 53.

The owner of each of these parcels holds, if the bill is true, just such a title as would have been granted by a deed signed by every party to the partition suit, and has no equity to anything else, because nothing else was purchased. He has no more right to ask the defendants to release to him than to have a co-complainant do it.

Defendants are entitled to bring ejectment for their interests, and are compelled by law to sue separately for each separate holding. And the interests of the complainants are also several and not joint, and must be severally enforced. They cannot at the same time claim under a decree and seek to avoid or open it, and there is no defect in the decree as far as the parties to the suit were concerned. No complainant is in any different or worse position than he would have been by purchasing an estate and not getting title from all the heirs. The decree could not be opened so as to accomplish any change in results without also setting aside the titles obtained under it, and if this were done the complainants would have nothing left to enforce.

It would be improper for us to attempt, as was requested, to examine and settle all the questions which the parties are anxious to have determined for them concerning their titles. If, as we hold, the bill makes out no case for relief, it would be improper to consider what may be mooted in some other possible litigation beyond what we have found it necessary to intimate in order to dispose of this case.

The decree dismissing the bill must be affirmed with costs.

GRAVES and COOLEY, JJ., concurred. MARSTON, J., did not sit in this case.