PETER FERGUSON v. ROBERT MILLIKIN.

| 42 | 441 |
| 108 | 628 |
| 42 | 441 |
| s4NW | 185 |
| d129 | ³647 |

*Estoppel—Notice of set-off and recoupment.*

A plaintiff declaring upon a written obligation which recited a settlement of accounts, gave evidence of its assignment to him, but did not show any consideration therefor. *Held* that he could not rely on equities that were not available to his assignor, and that the defendant was not estopped by the recital from contesting the settlement.

Estoppels rest on the protection of equities.

A joint and several note may be set off against a claim by one of the makers.

A notice of set-off in terms as broad as the common money counts in assumpsit, will, if no bill of particulars is called for, cover anything that could be proved as a demand under such counts; such as a joint and several note signed by the plaintiff.

A defendant filed two pleas of the general issue, and attached to one a notice of set-off and to the other a notice of recoupment. *Held* that the latter was not in the nature of a bill of particulars and did not restrict the notice of set-off.

Error to Lapeer.    Submitted January 6 and 7.    Decided January 13.

ASSUMPSIT.    Defendant brings error.

*C. & W. N. Draper* and *M. V. Montgomery* for plaintiff in error.

*W. W. & M. N. Stickney* for defendant in error.

42 MICH.—56.

COOLEY, J.   Robert Millikin, as assignee of James Millikin, brought suit upon the following writing: ·

"March 1, 1873.   Having settled all accounts, demands and claims of every name and nature to date with James Millikin: It being understood that he receive in the final settlement with John Booth & Sons of the balance over paying up according to contract three hundred dollars from the time of the sale of the farm, being thirty-eight hundred dollars, first claims deducted, and the balance of said three hundred dollars to go to James Millikin, each having a copy.

Signed                              PETER FERGUSON,
                                    JAMES MILLIKIN."

The defendant for some reason not explained, filed two pleas of the general issue.   To one he attached a notice of set-off in terms as broad as the common money counts in assumpsit, and to the other a notice of recoupment of matters connected with the transaction in which the writing was given.

On the trial the plaintiff gave evidence of the assignment ·of the contract or writing declared upon to him, and also that at the time James Millikin was indebted to him in a sum larger than the three hundred dollars which he claimed was owing on this paper.   He did not, however, show that he paid anything for the assignment, nor that any sum was agreed to be or was applied on the indebtedness of James Millikin because of it.

In defense Ferguson, who seems to have conceded that the paper made out a *prima facie* case against him of an indebtedness of three hundred dollars, offered to prove that all demands between him and ·James Millikin, connected with the transaction referred to in the writing, were not settled, and that he had various claims against James Millikin growing out of it, which he claimed should be allowed to him.   The circuit judge held that these demands could not be used in defense to a suit by an assignee on the contract, because the recital therein of the settlement of all demands would operate, in favor of the purchaser of the contract, as an estoppel.

The circuit judge must have overlooked the fact that by failing to prove that he was a purchaser for value,

the plaintiff had precluded himself from relying upon equities which were not available to James Millikin himself. Whether the recital under any circumstances would have worked an estoppel, we need not determine; but estoppels rest upon the protection of equities; and none appear in this case which can support one.

Ferguson also offered by way of set-off a joint and several note made by James Millikin and another, and a joint and several note made by the plaintiff and another, the first of which was payable to him and the other to one Hartsell or bearer, and both of which he offered to show were owned by him when the contract was assigned to the plaintiff. The court rejected these as set-offs, under an objection by the plaintiff that they were not proper set-off, because the pleadings contained no notice of set-off, and because under the statute (Comp. Laws, § 5796, subd. 6 and 8) joint notes could not be set off.

The notes could be made use of either as joint or as several obligations, and the defendant was therefore at liberty to make use of them in the manner proposed if the notice of set-off was sufficient. We have already said it was very broad, and it was ample for the purpose. The plaintiff seems to have understood the notice of recoupment as being a second and more restricted notice of set-off, in the nature of a bill of particulars; but in this we think he erred. The notice of set-off was in no respect narrowed or restricted by it, and no bill of particulars having been called for, defendant was at liberty to prove any set-off which would be provable as a demand under the money counts in assumpsit.

It would be premature to attempt to determine now what demands upon which the defendant relies would be available to him by way of recoupment. The evidence appearing in the record is too imperfect to justify an opinion.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.