HENRIETTA DE MILL AND HARRIET J. COMSTOCK, SURVIVORS v. JAMES MOFFAT.

*Ejectment—Plaintiff's interest as heir—Claim of joint title—Coverture—Statute of limitations—Estoppel.*

Recovery in ejectment is limited to the interest claimed in the declaration, and cannot cover any interest acquired by plaintiff after the dates set forth therein as those on which he had possession and defendant entered.

Where several plaintiffs in ejectment aver a joint title, proof of title in a smaller number is inadmissible. And if one of the plaintiffs has died since beginning suit, and his successors in title or representatives have not been brought in, proof of the joint interest alleged is inadmissible, and there can be no recovery on it.

Where plaintiffs in ejectment claim as heirs, they must show that their ancestor died seized of the premises.

Where a case rests upon several grounds some of which are negatived by the charge or by waiver, and the party presenting them nevertheless recovers, it is unnecessary to consider them in reviewing the case at the instance of the other party.

Plaintiffs in ejectment, claiming as heirs, cannot defeat the plea of adverse possession for the period of the statute of limitations by relying upon a disability which arose before the transmission of the estate from their ancestor and after the statute of limitations began to run.

The statute of limitations in ejectment is not arrested by the devolution of the estate.

An equitable estoppel can only arise in support of right and justice; and it cannot be sustained if it does not appear that the adverse party was prejudiced by the course relied on to establish it.

An estoppel *in pais* resting upon verbal admissions cannot operate to transfer an interest in land.

The verdict of a jury cannot be revised in a higher court if there is evidence to sustain it.

Where ejectment is brought for several parcels of land an instruction to the jury that if they should find that plaintiff's ancestor had deeded to defendant's grantor, it would "end the case," is erroneous if they find for defendant upon evidence which does not tend to show that the deed covered all parcels.

Appeal from St. Clair. Submitted June 27. Decided October 4.

EJECTMENT. Plaintiffs bring error. Reversed.

*Geo. P. Voorhies* for appellants. One who deeds land which is in another's adverse possession is estopped from disputing the deed: *Stockton v. Williams* 1 Doug. (Mich.) 546; though he deed as administrator: *Gugins v. Van Gorder* 10 Mich. 523; and a grantee who has paid part and given his mortgage for the rest of the price, with covenants of warranty and delivered it to the survivors who held the deed and has held possession of the land, is estopped from denying delivery and acceptance of the deed: *Comstock v. Smith* 26 Mich. 307; one cannot deny the validity of a contract for the sale of chattels on which he has brought an action for breach of warranty and obtained judgment: *Barker v. Cleveland* 19 Mich. 230; an officer who induced a person to buy land by representing it as free from liens was *held* estopped from afterward claiming them on execution sale: *Gill v. Denton* 71 N. C. 341; an administrator cannot show title to himself by parol testimony when the proceedings in a court of record show that it had passed by descent to lawful heirs: *Hayes v. Livingston* 34 Mich. 384; *Nims v. Sherman* 43 Mich. 45; an executor or administrator who has come into possession under letters of administration is estopped from denying his intestate's title: Perry on Trusts §§ 433, 863–4; Bigelow on Estoppel 435; *Benjamin v. Gill* 45 Ga. 110; *Irby v. Kitchell* 42 Ala. 440; *White v. Swain* 3 Pick. 368; *Phillips v. Rogers*

12 Met. 407; *Miller v. Jones* 26 Ala. 247; *Lee v. Fox* 6 Dana 176; *Kellogg v. Wood* 4 Paige 621; one who has tacitly encouraged an act or consented to it shall not exercise legal rights in opposition to it: *Morris Canal & Banking Co. v. Lewis* 12 N. J. Eq. 332.

*O'Brien J. Atkinson* and *John Atkinson* for appellee. Estoppels must be certain to every intent (1 Greenl. Ev. 22) and cannot apply where no prejudicial action has been taken (id. §§ 204–9); Comp. L. § 6231 relating to ejectment does not provide for the recovery of an undivided interest: *Lynch v. Kirby* 36 Mich. 242; where female heirs claim jointly in ejectment the death or marriage of one of them pending suit, abates it: *Oxnard v. Kennebeck Propr.* 10 Mass. 179; *Cutts v. Haskins* 11 Mass. 56.

GRAVES, C. J. A tract of land now situated within the city of Port Huron has been for many years a subject of litigation, and some of the contentions have been brought to this Court. See *Hunt v. Thorn* 2 Mich. 213; *Hoffman v. Harrington* 28 Mich. 90; *De Mill v. Port Huron Dry Dock Co.* 30 Mich. 38; *Walsh v. Varney* 38 Mich. 73, and other cases. The present controversy relates to a small portion of the same land and the cases referred to will furnish all necessary historical information.

The action is ejectment. It was begun May 20, 1873, by Henrietta De Mill, Harriet J. Comstock and Nancy Kimball, sisters of each other and nieces of John Thorn and being three of his numerous heirs at law. The subject-matter of the action is a specific undivided interest in fee in lots thirty-two and thirty-four west of Huron street and in lot thirty east of Fort street according to Thorn's plat. The declaration contains three counts. Each alleges title May 1, 1873, and entry and ouster on the day following. The first count claims a joint undivided interest in all the plaintiffs of eight forty-ninths; the third a joint undivided interest in all the plaintiffs of one twenty-first; but the second claims an undivided one-sixth in Mrs. De Mill separately. Nancy Kimball died and the case went to trial with-

out bringing in her heirs or representatives. The jury found in favor of defendant, and the surviving plaintiffs have brought the case here on writ of error and bill of exceptions.

The general question is whether on the whole record a new trial ought to be granted to these plaintiffs in error. The points agitated are numerous, and the record suggests others. But many require no consideration. Some few, though not material to the decision, may be noticed. The main questions may be chiefly considered without a detailed discussion.

On opening the case, the plaintiffs' counsel observed to the jury that the whole land was claimed as against the defendant, but only one-half as against the Knapp heirs. The meaning of this statement is not apparent. The suit is brought to recover of the defendant and not to recover of third persons, and the claim made by the declaration in pursuance of the statute (Comp. L. § 6212) is confined to an undivided share or interest, and no recovery could be had of the defendant for more than the amount of interest claimed. Evidence was given to make out that the surviving plaintiffs had obtained interests beyond their own heirships, but it also appeared that such further interests were not received until May 19, 1873, the day before the commencement of the suit, and hence too late to support the averment of ownership in the declaration. The statute requires the plaintiff to aver possession on some specific day subsequent to that on which his right or title shall have accrued, and then next to aver that defendant afterwards, and on some specific day, entered, &c. § 6210. Here, as we have seen, the land declared for was land possessed on May 1, 1873, and entered by defendant on the second, and no interest acquired on May 19th, or after May first, could be recovered under this declaration. *Siglar v. Van Riper* 10 Wend. 414. The only interests disclosed which the plaintiffs could contend for under the pleadings were such as they inherited from their uncle, John Thorn. When a joint title is laid in several plaintiffs a title in a less number is not provable. *Doe*

*v. Butler* 3 Wend. 149; *Gilbert v. Stanley* 1 Hill 121. And as one of the plaintiffs had died, and neither her successors to the title nor any representative was brought in, it was not practicable to prove or recover the joint interest or title laid in the first and third counts. As these decisions in New York were made on laws we have copied, they are worthy of special consideration.

It would seem from what has been said that the case was reduced to the right laid in the second count, namely the right of Mrs. De Mill to recover a separate undivided interest and not exceeding the interest which came to her as heir of John Thorn. But the controversy was finally submitted on an assumption that there might be a recovery on the first and third counts or either of them by the surviving plaintiffs, or on the second count by Mrs. De Mill separately, and the proceedings may be considered under that theory.

That the plaintiffs were legal heirs of Thorn was not questioned, but it devolved upon them to show that he died seized of the premises; because if he did not no interest was transmitted and there could be no recovery whether the defendant was vested with title or not. But the defendant did not rest on a mere denial of title in the plaintiffs. He claimed title in himself—*First*, through a lost conveyance from John Thorn to Samuel W. Hamilton; *second*, by adverse possession; *third*, through probate sales in the settlement of John Thorn's estate; *fourth*, through the decree in chancery in the case of *Hunt v. Thorn*, supra; *fifth*, through tax sales. The jury were instructed that the tax proceedings were void and the defendant expressly renounced all claim of title founded on the decree in chancery. These elements were therefore eliminated.

In the next place it appears superfluous to examine the probate proceedings on the question of title in the defendant. They were introduced by the plaintiffs to support a theory of estoppel, and it is very clear they exercised no influence on the result. Moreover the probability is exceed-

ingly remote that ι. may play any material part hereafter in proving title in the ι efendant.

There was substantial evidence for the jury of a regular adverse possession by defendant and his predecessors in interest from a long time anterior to John Thorn's death, which occurred in the summer of 1851, down to the commencement of the suit, a period of about thirty years. There was enough in the evidence on this subject to give the jury an opportunity to sustain the defense of adverse possession, unless some circumstance appeared to obviate the effect. And the plaintiffs say that this circumstance did appear; that it was shown that they were married women and therefore under a disability to sue or enter, and hence that the statute did not run against them. But this claim is futile, whether the state of marriage created a disability or not. The possession, such as it was, began a long time before Thorn's death, and several years before the plaintiffs became his heirs. The right of entry originally accrued to Thorn, under whom they claim, and he was under no disability, and if at his death the estate fell to them as his heirs and they were then married women, the running of the statute was not interrupted by a disability, if any, resulting from the marriage. The limitation having lawfully commenced against their alleged predecessor in estate, its progress was not arrested by the devolution of ownership, in case any occurred. *Smith v. Hill* 1 Wils. 134; *Cotterell v. Dutton* 4 Taunt. 826; *Rhodes v. Smethurst* 4 M. & W. 42; s. c. 6 M. & W. 351; *Eager v. Commonwealth* 4 Mass. 182; *Peck v. Randall* 1 Johns. 165; *Demarest v. Wynkoop* 3 Johns. Ch. 129; *Jackson v. Wheat* 18 Johns. 40; *Dillard v. Philson* 5 Strobh. 213; *Byrd v. Byrd* 28 Miss. 144; *Seawell v. Bunch* 6 Jones Law, 197; *Tracy v. Atherton* 36 Vt. 503; *Reimer v. Stuber* 20 Penn. St. 458; *Stephens v. McCormick* 5 Bush 181; *Ruff v. Bull* 7 Harr. & J. 14; *Pinckney v. Burrage* 31 N. J. Law 21; *Lewis v. Barksdale* 2 Brock. 436; *Walden v. Gratz* 1 Wheat. 292; *Mercer v. Selden* 1 How. 37; *Hogan v. Kurtz* 94 U. S. 773; *Becker v. Van Valkenburgh* 29 Barb. 324; *Allis v. Moore*

·2 Allen 306; *Carrier v. Gale* 3 Allen 328; *Keil v. Healey* ,84 Ill. 104; *Cozzens v. Farnan* 30 Ohio St. 491.

· But the case was not decided on this ground. The question of adverse possession was not reached, and it is wholly idle to speculate as to what the result would have been in case the jury had deemed the point material. They confined their attention to the bare matter of defense, based on the alleged lost deed from Thorn to Hamilton, and manifestly regarded the right of defendant to a verdict as inseparable from the fact of there having been such a deed. In this they only followed the judge's charge and the claim made by the defendant.

In this connection it seems expedient to refer to a point urged by the plaintiffs. An estoppel is alleged. They contend that supposing it true that their uncle deeded the lots to Hamilton and that defendant in good faith acquired them from him and that they *never had any title* at all, they are yet entitled to recover them of defendant for the reason that Hamilton, while acting as their uncle's administrator, sometimes described the lots as belonging to the estate. The case concedes that Hamilton acquired no possession or control through his administratorship, because the object of the alleged estoppel is to shut out what would otherwise come in, namely, that he had no business with the lots in his character of administrator, and it is not pretended that he disposed of them in any way as property left by Thorn. Neither does it appear that the situation of the plaintiffs has been made better or worse by his having referred to the lots as belonging to the estate. I pass by his explanations given on the trial. Now, the exclusive warrant for an estoppel resting on equitable considerations is, that it is necessary to sustain the cause of right and justice. *Ferguson v. Millikin* 42 Mich. 441; *Royce v. Watrous* 73 N. Y. 597; *Buckingham v. Hunna* 2 Ohio St. 551; *Van Rensselaer v. Kearney* 11 How. 297. But under the implications which arise here the purpose sought would be unjust. It would give the property of the defendant to the plaintiffs without any equitable reason. The following cases among many

others have a bearing: *Morrill v. Mackman* 24 Mich. 279 ;
*Ryder v. Flanders* 30 Mich. 336 ; *Burdick v. Michael* 32
Mich. 246 ; *Vanneter v. Crossman* 42 Mich. 465 ; *Maybee
v. Sniffen* 16 N. Y. 560 ; *Owen v. Bartholomew* 9 Pick. 519;
*Wade v. Saunders* 70 N. C. 270 ; *Trenton Banking Co. v.
Duncan* 86 N. Y. 221 ; *Gilkeson v. Knight* 71 Mo. 403 ;
*McAbe v. Thompson* 27 Minn. 134.

Again the application of estoppel which is contemplated
would virtually operate to transfer a part, at least, of the
interest from the defendant to the plaintiff by matter *in
pais* in contravention of the rule now settled in this State.
*Hayes v. Livingston* 34 Mich. 384; *Nims v. Sherman* 43
Mich. 45. There was no error in rejecting the estoppel.

The view of the case submitted by the circuit judge in
connection with the alleged lost deed and the decision made
by the jury have been referred to. The judge charged
them that in case there was such a deed they need go no
further, as that would end the case. And under this
instruction they not only returned a general finding in
defendant's favor, but in answer to a special request found
separately and expressly that Thorn actually deeded the
lots in controversy to Hamilton. At the same time they
returned no answer to other requests. They were of opin-
ion, beyond doubt, that the finding in regard to the lost
deed "ended the case," and that any further special findings
would be superfluous. In this they followed the instruction
from the bench.

Admitting that the case contains evidence to authorize
this charge the result would have to be accepted as decisive.
The judgment of the jury on the testimony, whether wise
or not, could not be revised, and so far as concerns lots
thirty-two and thirty-four, there is no difficulty. There
was evidence that Thorn transferred them to Hamilton by
a deed which is lost. Hence so far as this record goes, the
result is conclusive in respect to these lots. It establishes
the fact at all events that they did not belong to Thorn at
his death and consequently that the plaintiffs did not inherit
them. But in respect to lot thirty the case is different.

There is no evidence that the alleged lost deed embraced that lot. On the contrary the proof tends the other way. There was hence no basis for the charge or finding so far as regards lot thirty, and as the case is shaped there can be no assumption that Mrs. De Mill under proper rulings might not recover on the second count some undivided interest in that parcel.

The result is that the judgment must be reversed with costs and a new trial allowed.

The other Justices concurred.