## HARRY LADD v. DAVID BROWN.

*Statute of frauds—Estoppel—Landlord and tenant—Consideration.*

1. A parol agreement with a tenant from year to year, that if he sows wheat he may reoccupy the leased premises after the expiration of the tenancy for the purpose of harvesting the wheat, is enforceable, if founded upon a sufficient consideration.

2. Where a tenant agrees to leave crops upon the ground corresponding to those which were growing at the time he took possession, an agreement with the landlord that if he sows such crops he may come back and harvest them after the expiration of the tenancy is without consideration.

Error to Jackson. (Peck, J.) Submitted on briefs November 4, 1892. Decided December 22, 1892.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Thomas A. Wilson,* for appellant.

*Blair & Wilson,* for defendant, contended:

1. Under How. Stat. § 5955, it was competent for the defendant to occupy the premises as he did, paying therefor a money rent agreed upon by the parties, and adjudged by the probate judge with their assent; citing *Loomis v. Armstrong,* 63 Mich. 364, 365.

2. If defendant was occupying as administrator under the statute cited, he was under no obligation to put in a crop for others to reap. If he was occupying under the terms of the original lease, as sworn to by the plaintiff, he could have held the premises for another year, as he told plaintiff he would unless he could have the crop. It was competent for plaintiff to waive the provision in the original lease that a crop should be left, if he saw fit to do so; citing 7 Amer. & Eng. Enc. Law, p. 32, § 7.

3. The jury have found that the defendant would not have plowed the land or put in the grain except for the plaintiff's promise that he should have the crop without trouble from him, and that when plaintiff made the promise he expected defendant would rely and act upon it. Again, the defendant, as tenant from year to year, had the undoubted right to hold the premises for another year, and told plaintiff that he would not move away unless he could have the wheat, to which the plaintiff replied that of course he could have the wheat, and he moved off, leaving his binder with which to cut the grain. A mere statement of the facts shows the materiality of this evidence, and its sufficiency, if believed, to justify a verdict for defendant. The circuit judge very properly left this question (which was the only one in the case) to the jury, and their verdict should not be disturbed; citing *Truesdail v. Ward,* 24 Mich. 117; *Faxton v. Faxon,* 28 Id. 159; *Mizner v. Kussell,* 29 Id. 229; *Peake v. Thomas,* 39 Id. 584; *Vanneter v. Crossman,* 42 Id. 465; *Heyn v. O'Hagen,* 60 Id. 150; *Dickerson v. Colgrove,* 100 U. S. 578.

MONTGOMERY, J.    The defendant leased a farm in Norvell township, Jackson county, of one George Ladd, under an agreement to pay 5 per cent. of the valuation as annual rental. After some years of occupancy by defendant, George Ladd died, in May, 1887, leaving as his heirs at law the plaintiff and one Alice M. Ladd, a minor child of

another son.  The defendant was appointed administrator of the estate of George Ladd, and continued to occupy the premises in 1887 and 1888.  In rendering his account as administrator, he accounted for the rental of the farm, and charged himself $280.  This sum was fixed by the probate judge after a hearing.  In 1888 he sowed 12 acres of wheat and 16 acres of rye.  He left the place before April 1, 1889, and plaintiff took possession.  Defendant afterwards went on the premises, and reaped the crop. Plaintiff brings replevin.

The plaintiff's testimony tended to show that when the defendant took possession it was agreed on his part with George Ladd that the defendant would at the end of his term leave on the ground the same quantity of wheat as was then growing,—about 25 acres.

Defendant testified that in the fall of 1888, before he put in the wheat in question,—

" I told him I would not think of putting in any wheat unless I had the right to come back and harvest it after I left the place.    If I could have that privilege to come back and harvest it—I told him if we were going to have any trouble I would not think of putting in the wheat. He said he did not think there would be any trouble, and that he owned one-half of the place, and would probably own the rest before the wheat was harvested, and there would be no trouble.    This was in front of plaintiff's house.    He asked me if I had plowed any, and I told him no, I didn't know as I should, and that brought up the question about sowing the wheat.    That talk was, I think, along in the forepart of August.    I plowed after that. He knew I was plowing and sowing the ground."

The circuit judge charged that—

" If you find that the defendant, Brown, in substance said to Mr. Ladd, the plaintiff, 'I will not put in the crops unless I can harvest and take them off,' and Mr. Ladd, in reply, said, in substance, 'There will be no trouble about that; I own one-half of the land, and expect to purchase the other half;' and if you further find that when Mr. Ladd made that statement he expected Mr.

Brown to rely upon it and act upon it in putting in the crops; and if you also find that Mr. Brown did so rely upon it and act upon it, and would not have put in the crops except for such statement by Mr. Ladd,—now, in that condition of facts, Mr. Ladd cannot insist upon having the crops, and your verdict should be for the defendant. If, on the other hand, the evidence does not establish such a condition of facts, Mr. Ladd, the plaintiff, is entitled to your verdict."

We think there was error in ignoring the testimony offered by the plaintiff tending to show that the defendant was legally bound to do what he claims to have done under the plaintiff's assurances. To so apply the doctrine of estoppel as to render an agreement, otherwise void for want of consideration, valid and binding, is to accomplish by indirection what cannot be done directly. The doctrine of estoppel is applied to prevent injustice, not to relieve parties from the obligations of their contracts; and the conduct of the party claimed to have been estopped must have been such as to have misled the party setting up the estoppel into a course to his prejudice, or induced him to do what he otherwise would not have done. *Burdick v. Michael*, 32 Mich. 246. In this case, if the defendant was induced to do no more than he had, before the alleged promises of plaintiff, undertaken upon sufficient consideration to do, it cannot be said that he was misled to his prejudice, and induced to do what he otherwise would not have done, unless it was to his prejudice to fulfill his contract, which is of course not true. 3 Amer. & Eng. Enc. Law, p. 834, and cases cited in note 4.

It is claimed by the appellant that, as the growing wheat was an interest in real estate, an estoppel could not be created by parol. We do not consider that the case presents this question. It was competent for the plaintiff to assent to an occupancy of the land for a period of less than one year by parol, and this is the effect of the agree-

ment, as testified to by defendant; and, if such agreement had been made upon sufficient consideration, we do not doubt that it could be enforced. In this case, if the testimony offered by the plaintiff tending to show that there was an agreement on the part of defendant to leave crops upon the ground corresponding to those which were growing at the time he took possession is true, there was no consideration for the engagement alleged to have been made by the plaintiff, and the jury should have been so instructed.

Judgment will be reversed, with costs, and a new trial ordered.

The other Justices concurred.