## CLARK *v.* DILLMAN.

1. AGENCY—ACTUAL AUTHORITY—ADMISSIONS.
    The question of the actual authority of an agent of plaintiffs to make a contract for the sale of a piano for a specified price is properly left to the jury, where there is some testimony showing an admission by plaintiffs of such authority.

2. EVIDENCE—AGENT'S AUTHORITY—INSTRUCTIONS TO JURY.
    The exclusion of evidence that an agent was not authorized to make sales of musical instruments generally, offered by the plaintiffs in replevin for a piano claimed to have been sold by such agent, is error, unless the jury are instructed that he was not authorized to make the sale in question.

3. AGENCY—BURDEN OF PROOF.
    Where, in replevin for a piano, the defendant claims to have purchased the instrument from an employé of the plaintiffs, who was their agent for that purpose, or at least held out by them as such, the burden of proof to establish such agency, or an estoppel on the part of the plaintiffs to deny it, is upon the defendant.

4. ESTOPPEL—AGENT'S AUTHORITY—WHEN PRINCIPAL MAY DENY.
    The mere holding out of one person by another as authorized to make a sale of a piano for the latter does not estop him to deny the validity of a sale by the person thus held out, unless the purchaser acted in good faith, and in the honest belief that the agent was authorized to make the sale.

Error to Wayne; Frazer, J. Submitted January 15, 1896. Decided March 24, 1896.

Replevin by Seward E. Clark and Junius I. Bruce, co-partners, as S. E. Clark & Company, against Louis F. Dillman, for a piano. From a judgment for defendant, plaintiffs bring error. Reversed.

*George W. Radford,* for appellants.

*Charles Flowers,* for appellee.

108 MICH.—40.

HOOKER, J.   The plaintiffs are copartners engaged in the business of selling musical instruments.   They appeal from a judgment against them in an action of replevin brought by them for a piano which at one time belonged to them, but which the defendant claims to have purchased from one Pressburg, claiming that Pressburg was plaintiffs' agent, duly authorized to sell said piano, or at least that the plaintiffs held him out as such agent.

The undisputed evidence shows that the negotiations for the piano were in part between members of the firm and the defendant's wife, and that Pressburg, who was in plaintiffs' employ, was sent with a contract note, duly filled out, for $675, to obtain the defendant's signature, the instrument being at the time at the defendant's house.   Pressburg did not present this instrument to the defendant, but accepted $55 in cash and notes for $400; keeping the cash, and returning the note he had received from the plaintiffs, upon which he forged the name of the defendant. The plaintiffs ascertained in some way that Pressburg had engaged in crooked transactions, and called upon the defendant, and discovered the true situation, and offered to make the defendant whole by paying him $55 and giving a bond of indemnity to secure him against the note or notes signed by him; but the defendant chose to disregard the patent fact that he was profiting through another's fraud, at the expense of the plaintiffs, and insisted upon his technical rights, or, as he expressed it, "to stand pat on the contract as made by Pressburg."   Thereupon the plaintiffs replevied the piano.

The case turned upon the right of the defendant to deal with Pressburg as the agent of the plaintiffs; and, while the court seems to have considered the only question in the case to be whether there was a holding out, the charge left to the jury the question of Pressburg's actual authority.   This was proper, as there was some testimony tending to show an admission of such authority by the plaintiffs; but, if that question was to be left to the jury, the plaintiffs should have been permitted to show

whether Pressburg actually was their agent, authorized to make sales generally, which they offered to do, but the testimony was excluded. At the time this offer was made, the court seems to have taken the view that the case should turn upon an estoppel growing out of the holding out as agent, and therefore excluded the testimony upon the subject of agency as immaterial. This was error, unless the jury were to be instructed that Pressburg was not authorized to make this sale.

Again, there was no dispute that the plaintiffs were entitled to recover unless the defendant had a right to rely upon the agency of Pressburg. It was necessary for the defendant to show Pressburg's authority, or facts constituting an estoppel. The court instructed the jury as follows: "You must find for the plaintiffs by a preponderance of proof; that is, the testimony of plaintiffs must satisfy you that Pressburg was not their agent." There was no presumption of authority or estoppel, and the burden of proof, as to these matters, was upon the defendant.

The charge is silent upon another essential. It is undoubtedly the law that a person may be bound by the representations and acts of another, as agent, where there has been such a holding out as to reasonably lead one dealing with him to believe in the existence of such agency. But all of the elements of an estoppel must be present. There must be conduct calculated to mislead, and it must be under circumstances which justify the claim that the alleged principal should have expected that the representations would be relied and acted upon; and, further, it must appear that they were relied and acted upon, in good faith, to the injury of an innocent party. Mechem, Ag. §§ 85, 86; *Saginaw, etc., R. Co.* v. *Chappell*, 56 Mich. 190. The rule that estops a party from denying the existence of an agency is a shield, and not a sword; and unless the jury could find from the evidence that the defendant acted in good faith, and in the honest belief that Pressburg had authority to sell this piano for

$455, and that he purchased it to his injury, a verdict for the defendant should not have been rendered.   There is no allusion in the charge to the other elements essential to an estoppel, and, in the testimony returned, we discover no avowal of belief in, or *bona fide* reliance upon, the authority of Pressburg, unless the circumstances were sufficient evidence to go to the jury upon this subject. In any event, there was ample opportunity for the jury to find the contrary.   *Maxwell* v. *Bridge Co.*, 41 Mich. 454; *Ferguson* v. *Millikin*, 42 Mich. 443; *Morrill* v. *Mackman*, 24 Mich. 279, note; *De Mill* v. *Moffat*, 49 Mich. 125, 131; *Fletcher* v. *Kalkaska Circuit Judge*, 81 Mich. 193; *Townsend Savings Bank* v. *Todd*, 47 Conn. 219.   We do not discover that the plaintiffs' counsel asked instruction upon this subject, and he could not complain of the failure to mention it, but for the fact that the charge, as given, was objectionable by reason of the exclusion of these important considerations.

The first request of defendant was given, and included the statement that "if, by word or act, they were led by the plaintiffs to believe he [Pressburg] had authority, the plaintiffs cannot repudiate the contract he made, and your verdict must be for the defendant." The fact that, by word or act, the plaintiffs led the defendant and his wife to believe that Pressburg had authority, did not require a verdict for defendant.   This was making the doctrine of estoppel too broad, and, by omitting all of the elements but the representation, the jury may have been led to understand that reliance upon the representation, and action in good faith, were not essential.

The judgment is reversed, and a new trial ordered.

LONG, C. J., GRANT and MOORE, JJ., concurred with HOOKER, J.

MONTGOMERY, J.   I concur in the result, but I think the first request of defendant not open to the criticism made by Mr. Justice HOOKER.