HENRY ROYCE, Appellant, *v.* CHARLES WATROUS et al., Respondents.

The doctrine of estoppel is applied to promote justice and fair dealing, never to aid a fraudulent purpose.

(Argued March 19, 1878; decided March 26, 1878.)

THIS action was brought to recover damages for alleged breach of a contract for the sale and delivery of a quantity of lumber.

Plaintiff's evidence was to the effect that he made a selection and agreed with defendants upon the price of the lumber ; that defendants agreed to accept in payment therefor the notes of a third person, which were delivered to them, and they agreed to deliver the lumber at a place specified, but failed so to do. Defendants alleged and their evidence tended to show that plaintiff and one Van Horn had entered into a conspiracy for the purpose of procuring the lumber, and palming off therefor as good the notes in question, which they knew to be worthless; that defendants having learned of the conspiracy received the notes, not in consummation of the contract, but for the purpose of instituting criminal pro-

ceedings ; that the notes were worthless at the time, and had been ever since.

The court directed a verdict for plaintiff, *held*, error ; that if the jury believed defendants' version it would constitute a defense, not on the ground of the rescission of the contract for fraud, but on the ground that no contract was made ; that the doctrine of estoppel would not apply in such case, as it is never applied in aid of a fraudulent purpose, but to promote justice and fair dealing, and that the circumstances, if so found, would repel a ratification ; that the form of the contract was not decisive, and although plaintiff was led to believe by the defendants that they intended to agree to sell the lumber for the notes, yet the question remained whether they did so agree, and if not, they were not bound ; while if the jury had found plaintiff not guilty of the imputed criminal purpose, especially if the claim was resorted to to avoid performance, or for other improper motive without justifiable cause, a verdict for plaintiff would have been demanded ; but that these were matters for the jury.

Also *held*, that if defendants were so far implicated in the criminal intent by aiding and abetting it and leading it on as to be regarded as *particeps criminis*, or if they intended a fraud to counteract plaintiff's fraud, the court would leave them, where it found them, and would not aid one against the other.

*Douglas Campbell* for appellant.

*D. C. Brown* for respondents.

*Per Curiam* opinion for affirmance of order granting a new trial, and for judgment absolute against plaintiff.

All concur.

Ordered accordingly.