Hatch, J.
In order to charge upon a vendor breach of warranty in the sale of an article, the warranty resting in parol alone, it must clearly • appear that the vendor, by positive representation, declares the article sold to be of a certain quality or character as matter of fact, and not as an expression of his opinion or judgment, and the vendee must so understand it, rely upon it and be induced thereby to purchase. Hawkins v. Pemberton, 51 N. Y., 198, 202; White v. Miller, 71 id., 118.
In the case now here, at the close of the evidence, the learned judge presiding at the trial held that the plaintiff *277 was entitled to recover, and that the question to be submitted to the jury was solely one of damages. Defendants' counsel requested to be allowed to go to the jury upon several questions, and being refused by the court took exceptions to the several rulings. The plaintiffs having had a verdict, defendants moved for a new trial upon the minutes, which was denied, and from which they appealed. This brings the case before us for review upon the law and facts. Tate v. McCormick, 23 Hun, 218.
The court is to consider the facts proven by defendants, the inferences which fairly arise therefrom, and from the whole evidence, and if taken as true they constitute a defense, or a jury would be warranted in so finding, then the case must be left with them for their determination. Royce v. Watrous, 7 Daly, 87; affirmed on appeal, 73 N. Y., 597; Kelly v. Frazier, 27 Hun, 314.
Tested by this rule, what are the facts? In April, 1885, plaintiffs applied to defendants to purchase some garden seeds, and, among others, onion seeds of the character known as “Yellow Danver Onion Seed." Seed of this claimed character was at the time exhibited to plaintiffs, they examined the same, and, after arranging for credit for the seed, and learning from the size of the plot of ground the number of pounds of seed required, they went away without making a purchase, but with an understanding that at a subsequent time they would call and get the seed. A short time after plaintiff Coates called at defendants' store, and asked of one Manly (a clerk in defendants’ employ, and who had previously exhibited the onion seed to plaintiffs), for some Yellow Danver Onion Seed, which the clerk said he had, and thereupon put up for him in a proper sack two pounds of said seed, and at the same time put up and delivered to Coates a quantity of other different seeds in separate packages. Upon the" package of onion seed the clerk wrote in ink, “Two pounds of Yellow Danver Onion Seed."
Upon the package containing the onion seed was printed a-notice, as follows, “While we exercise the greatest care to have all seeds pure and reliable, it is hereby mutually agreed between ourselves and the purchasers of this package that we do not warrant the same, and are not in any respect liable or responsible for seed sold by us, or for any loss pr damages arising from any failure thereof in any respect."
At the time of the sale, as testified to by plaintiffs, a bill of the seeds was made out and delivered to Coates, upon which appeared the following: “ Great care is used to supply all seeds true to name, and of good quality, but we do not warrant anything."
*278 Coates had dealt with defendants for twenty-five years prior to the purchase, and had received numerous bills upon which appeared the notice last above referred to, and had also, from time to time, obtained many packages of seeds upon which was printed the quoted notice. In addition to this the defendants issued a catalogue each year which contained a description of the seeds which they had for sale, and which, among other things, contained a notice headed, “ Warranting seeds,” which stated that the defendants would not warrant their seeds or hold themselves responsible for any loss or damage which may arise from a failure thereof.
This notice was contained in the catalogue issued in 1885, and plaintiff had one and looked it over.
Plaintiffs sowed the onion seeds so purchased, but instead of producing Yellow Danver Onions, they produced a red onion of inferior quality and market price.
Upon these facts the learned judge held that there was no question to go to the jury except one of damages. To that conclusion we are unable to agree. The learned judge, in disposing of the notice contained upon the bag in which the seeds were placed, held that the refusal to warrant was limited to the quality of the seeds generally, its fructifying qualities, its soundness, but as to the kind and character of the seed sold, the warranty did not cover it. An examination of the notice shows two separate and distinct clauses. The first is, “we do not warrant the same, and are not, in any respect, hable or responsible for seed sold by us.” If the construction given is sound, then the words, “in any respect,” are rendered meaningless. Certainly the construction given leaves them without force, and yet the language is capable of interpretation as broad as the subject to which it is applied, it is applicable not only to the quality of the seed, but to their character and name as well.
There are no words of limitation or qualification which precede or follow this particular clause, and I see no reason why the usual and ordinary signification which attaches to these words should not be given; and if so, then it is a notice to this plaintiff that no warranty of any character accompanies the sale. At least it is sufficient to call for its submission to a jury as to how the language was understood by plaintiffs and intended by defendants. The second clause “or for any loss or damages arising from any failure thereof, in any respect:” It is possible (a view, however, which I do not accept) to claim that the words “ any failure thereof ” qualifies and limits this clause to a failure of the seed to grow when planted, that it has only relation to the vitality of the seed, but however that may be, such construction cannot embrace the clause first above stated.
*279 For the purpose of argument, assume that this notice and the catalogue both relate alone to the soundness and vitality of this seed, there is still another statement which in terms calls attention to the defect here complained of. The notice upon the bill, which was delivered when the seeds were sold, and of which plaintiff had previous notice, ist “Great care is used to supply all seeds true to name and of good quality, but we do not warrant anything."
“True to name” means, if we give it any significance, the name of the seed sold; and if the plaintiff had notice of that, then he must have purchased with knowledge that defendants' calling the seed a particular name did not impute a warranty that they actually were seeds of that character; on the contrary, he must have understood that defendants' statement was simply an opinion—his judgment that the seeds thus sold were of the character stated. Yet in the disposition of this case, the learned judge makes no reference to this, almost, if not entirely controlling circumstance.
I have no hesitancy in holding, under the rule laid down in Hawkins v. Pemberton {supra), that the notices given and the circumstances connected with the dealings between the plaintiffs and defendants, entitled the defendants to have the question submitted to the jury, as to whether there was an express warranty that the seed sold was of the kind and quality stated, or whether it was simply the expression of defendants' opinion and judgment, that it was of the kind and quality stated, and that in the latter view it was so understood by plaintiffs.
We are now asked by respondents' counsel to hold that the purchase of the seed from defendants’ clerk constituted an express warranty without reference to notice of any kind. This is a step beyond what the trial court held, as his holding was that the notice constitutes an exemption, but that it was not broad enough to cover the defect proved. New we are asked to hold that it should be disregarded entirely.
Counsel relies for this ruling upon White v. Miller, 71 N. Y., 118.
The holding in that case was that where defendants, being growers of garden seed, assumed to sell seed of a kind called by them “genuine large Bristol Cabbage seed,” and there was no exception or notice in any way limiting defendants’ undertaking, and the sale being of an article accompanied with a particular description, that the contract was a warranty that the article sold was of that description. The case cited would be clearly in point if the transaction in this case was that Coates applied to the clerk of defendants, and without notice of any character limiting *280 the liability of defendants, .he had' inquired for and obtained Yellow Danver Onion seed, sold to them as such, it would clearly entitle the plaintiff to a judgment of affimance. But that is not this case; here all the circumstances were proved; they show an attempt upon the part of plaintiffs to protect themselves from liability from the very defect here complained of. The jury would have the right to infer from this that plaintiffs have purchased with full notice of such intended exemption, and, if they did, then clearly defendants are not liable as for a warranty, it not being in the contemplation of either party.
Our conclusion is that the court was in error in refusing to submit to the jury the question whether the plaintiff did not have due notice and knowledge at the time of the purchase of the seeds that the defendants did not.warrant them, and that plaintiffs purchased the seeds with such understanding.
For this error the order denying plaintiffs’ motion for a new trial is reversed, and new trial ordered, with costs to abide the event.
All judges concur. _